# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

MICHIGAN ASSOCIATION OF HOME BUILDERS v CITY OF TROY

Docket No. 149150. Argued on application for leave to appeal March 11, 2015. Decided June 4, 2015

The Michigan Association of Home Builders, the Associated Builders and Contractors of Michigan, and the Michigan Plumbing and Mechanical Contractors Association brought an action in the Oakland Circuit Court against the city of Troy, alleging that the city's building department fees violated MCL 125.1522 (a provision of the Single State Construction Code Act, MCL 125.1501 *et seq.*) and Const 1963, art 9, § 31 (a provision of the Headlee Amendment). The city had entered into a contract with SafeBuilt Michigan, Inc., under which SafeBuilt assumed the duties of the city's building inspection department. SafeBuilt received up to 80% of the building department fees associated with its services, and the city retained the rest. The court, Shalina D. Kumar, J., granted summary disposition in favor of the city, ruling that the court did not have jurisdiction over plaintiffs' lawsuit because they had failed to exhaust their administrative remedies under MCL 125.1509b before filing their complaint. The Court of Appeals, JANSEN, P.J., and OWENS and SHAPIRO, JJ., affirmed in an unpublished opinion per curiam, issued March 13, 2014 (Docket No. 313688), agreeing that because the act provided an administrative procedure through which plaintiffs could have raised their claims, they were required to exhaust that administrative procedure before proceeding to circuit court. Plaintiffs applied for leave to appeal, and the Supreme Court ordered and heard oral argument on whether to grant plaintiffs' application or take other peremptory action. 497 Mich 862 (2014).

In a unanimous memorandum opinion, the Supreme Court *held*:

The circuit court erred by concluding that plaintiffs were required to exhaust their administrative remedies. The act creates a state construction code that applies throughout the state. Under MCL 125.1502a(v), the city is a governmental subdivision that has assumed responsibility for the administration and enforcement of the act and the code within its jurisdiction. Under MCL 125.1502a(t), an enforcing agency is the governmental agency that is responsible for administering and enforcing the code within a governmental subdivision (in this case the city's building inspection department). MCL 125.1522(1) provides that the legislative body of a governmental subdivision (in this case, the Troy City Council) must establish reasonable fees that the governmental subdivision will charge for acts and services performed by the enforcing agency. MCL 125.1509b(1) states that the director of the Department of Licensing and Regulatory Affairs may conduct a performance evaluation of an enforcing agency to assure

that it is properly administering and enforcing the act and the code, and MCL 125.1509b(3) establishes a procedure to appeal should the State Construction Code Commission issue a notice of its intent to withdraw a governmental subdivision's responsibility for administering and enforcing the act and code after receiving the results of an evaluation. The performance evaluation is only done on the enforcing agency (the city's building inspection department), and MCL 125.1509b establishes no administrative procedure pertaining to the legislative body that establishes fees under MCL 125.1522(1) (the city council). Because the administrative procedures established by MCL 125.1509b do not apply to the city's legislative body, plaintiffs were not required to exhaust their administrative remedies.

Reversed and remanded.

©2015 State of Michigan

# OPINION

Chief Justice:          Justices:
Robert P. Young, Jr.    Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano
                        Richard H. Bernstein

FILED June 4, 2015

STATE OF MICHIGAN

SUPREME COURT

MICHIGAN ASSOCIATION OF HOME
BUILDERS, ASSOCIATED BUILDERS
AND CONTRACTORS OF MICHIGAN,
and MICHIGAN PLUMBING AND
MECHANICAL CONTRACTORS
ASSOCIATION,

        Plaintiffs-Appellants,

v                              No. 149150

CITY OF TROY,

        Defendant-Appellee.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

Plaintiffs, a group of associations representing builders, contractors, and plumbers, filed suit against defendant, the city of Troy, claiming that defendant's building department fees violated § 22 of the Single State Construction Code Act (CCA), MCL 125.1522, as well as a provision of the Headlee Amendment, Const 1963, art 9, § 31.

The circuit court granted summary disposition to defendant, holding that the court lacked jurisdiction over the matter because plaintiffs had failed to exhaust the administrative procedure outlined in § 9b of the CCA, MCL 125.1509b.

The plain language of MCL 125.1509b, however, provides that the director[1] may conduct performance evaluations of defendant's "enforcing agency" and does not provide *any* administrative procedure relative to the entity responsible for establishing fees pursuant to MCL 125.1522(1): "[t]he legislative body of a governmental subdivision." Because the administrative proceedings in § 9b do not purport to provide the director with the authority to evaluate defendant's legislative body, the circuit court erred by granting summary disposition to defendant on the basis of plaintiffs' failure to exhaust their administrative remedies.

We reverse the judgment of the Court of Appeals and remand this case to the circuit court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

After several years of operating its building department at a deficit, defendant—which is a "governmental subdivision" within the meaning of the CCA[2]—privatized the building department in July 2010. It entered into a contract with SafeBuilt Michigan,

---

[1] The "director" is the director of the Department of Licensing and Regulatory Affairs or an authorized representative of the director. See MCL 125.1502a(q) and (r).

[2] MCL 125.1502a(v) provides:

> "Governmental subdivision" means a county, city, village, or township that, in accordance with [MCL 125.1508a or MCL 125.1508b], has assumed responsibility for administration and enforcement of this act and the code within its jurisdiction.

2

Inc.,[3] under which SafeBuilt assumed the duties of defendant's building inspection department, which is the "enforcing agency" within the meaning of the CCA.[4]

On December 15, 2010, plaintiffs filed the instant complaint, seeking declaratory and injunctive relief. Plaintiffs claimed that the fees generated under the contractual arrangement with SafeBuilt produced "significant monthly surpluses"[5] that were used to augment defendant's general fund in violation of MCL 125.1522 and constituted an unlawful tax increase in violation of Const 1963, art 9, § 31.

After discovery, plaintiffs moved for summary disposition under MCR 2.116(C)(10), and defendant sought summary disposition under MCR 2.116(I)(2). After conducting a hearing, the circuit court granted summary disposition to defendant, ruling that the court did not have jurisdiction over plaintiffs' lawsuit because plaintiffs had failed to exhaust their administrative remedies under § 9b of the CCA before filing their complaint.

---

[3] Under the terms of the contract, SafeBuilt received 80% of the building department fees associated with its services, and defendant retained the remaining 20%. The contract provided that if the fees totaled more than $1 million in a fiscal year, SafeBuilt's compensation would be reduced to 75% of the fees.

[4] MCL 125.1502a(t) provides:

> "Enforcing agency" means the governmental agency that, in accordance with [MCL 125.1508a or MCL 125.1508b], is responsible for administration and enforcement of the code within a governmental subdivision.

[5] The complaint alleges that defendant had retained $140,607.83 over a three-month period.

Plaintiffs appealed, arguing that they were entitled to proceed in circuit court without first seeking administrative action. The Court of Appeals affirmed,[6] holding that because § 9b of the CCA provided an administrative procedure in which plaintiffs could have raised their claim, plaintiffs were required to exhaust that administrative procedure before proceeding to circuit court. Furthermore, the panel held that although plaintiffs' complaint alleged a constitutional violation, plaintiffs were still required to exhaust their administrative remedies when the constitutional claim was intermingled with an issue properly before an administrative agency.[7] We ordered and heard oral argument on whether to grant plaintiffs' application for leave to appeal or take other preemptory action.[8]

## II. STANDARD OF REVIEW

We review de novo the grant or denial of a motion for summary disposition.[9] Moreover, whether the circuit court has subject matter jurisdiction over a particular matter is a question of law that this Court reviews de novo.[10] Additionally, to the extent that the resolution of this case involves questions of statutory interpretation, our review is also de novo.[11]

---

[6] *Mich Ass'n of Home Builders v City of Troy*, unpublished opinion per curiam of the Court of Appeals, issued March 13, 2014 (Docket No. 313688), p 4.

[7] *Id.*

[8] *Mich Ass'n of Home Builders v City of Troy*, 497 Mich 862 (2014).

[9] *Maiden v Rozwood*, 461 Mich 109, 118, 597 NW2d 817 (1999).

[10] *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001).

[11] *Pohutski v City of Allen Park*, 465 Mich 675, 681; 641 NW2d 219 (2002).

## III. ANALYSIS

The CCA creates a state construction code that governs innumerable aspects related to the construction, use, and occupation of residential and commercial buildings and structures.[12] The CCA and the construction code "apply throughout the state,"[13] and the CCA provides that, except as otherwise provided, the director is responsible for administering and enforcing both the CCA and the construction code.[14] The language "except as otherwise provided"—an exception to the director's plenary authority—permits governmental subdivisions to assume responsibility for administering and enforcing, as well as prosecuting violations of, the CCA and construction code.[15]

Plaintiffs contend that the transfer of building department monies to defendant's general fund violates MCL 125.1522(1), which provides:

> The *legislative body of a governmental subdivision* shall establish reasonable fees to be charged by the governmental subdivision for acts and services performed by the enforcing agency or construction board of appeals under this act, which fees shall be intended to bear a reasonable

---

[12] MCL 125.1504(1) provides:

> The director shall prepare and promulgate the state construction code consisting of rules governing the construction, use, and occupation of buildings and structures, including land area incidental to the buildings and structures, the manufacture and installation of building components and equipment, the construction and installation of premanufactured units, the standards and requirements for materials to be used in connection with the units, and other requirements relating to the safety, including safety from fire, and sanitation facilities of the buildings and structures.

[13] MCL 125.1508a(1).

[14] MCL 125.1508b(1).

[15] MCL 125.1508b.

relation to the cost, including overhead, to the governmental subdivision of the acts and services, including, without limitation, those services and acts as, in case of an enforcing agency, issuance of building permits, examination of plans and specifications, inspection of construction undertaken pursuant to a building permit, and the issuance of certificates of use and occupancy, and, in case of a board of appeals, hearing appeals in accordance with this act. The enforcing agency shall collect the fees established under this subsection. *The legislative body of a governmental subdivision shall only use fees generated under this section for the operation of the enforcing agency or the construction board of appeals, or both, and shall not use the fees for any other purpose.* [Emphasis added.]

Defendant cites MCL 125.1509b as the basis of its claim that plaintiffs are required to exhaust their administrative remedies before proceeding to circuit court. This statutory provision provides in relevant part:

> (1) The director, as prescribed in this section, may conduct a *performance evaluation of an enforcing agency* to assure that the administration and enforcement of this act and the code is being done pursuant to either [MCL 125.1508a or MCL 125.1508b]. A performance evaluation may only be conducted either at the request of the local enforcing agency or upon the receipt of a written complaint. . . .

> (2) When conducting a performance evaluation of an enforcing agency, the director may request that the local enforcing agency accompany the director or other state inspectors on inspections. The inspections shall be for the enforcement of this act and the code. The enforcing agency shall maintain all official records and documents relating to applications for permits, inspection records including correction notices, orders to stop construction, and certificates of use and occupancy. The enforcing agency shall make available for review all official records between 8 a.m. and 5 p.m. on business days.

> (3)  . . . The [State Construction Code Commission] may issue a notice of intent to withdraw the responsibility for the administration and enforcement of this act and the code from a governmental subdivision after receiving the results of a performance evaluation. The notice shall include the right to appeal within 30 business days after receipt of the notice of intent to withdraw the responsibility.  [MCL 125.1509b (emphasis added).]

6

The plain language of MCL 125.1509b provides that the director may conduct a "performance evaluation" of the *enforcing agency*—here, the City of Troy Building Inspection Department—to assure that the "administration and enforcement of this act and the code is being done pursuant to either [MCL 125.1508a or 125.1508b]." The administrative proceeding articulated in MCL 125.1509b is simply inapplicable to the entity identified in MCL 125.1522(1) as being responsible for establishing the fees to be charged for building department services—the "*legislative body*" of the city of Troy.

Defendant maintains that § 9b applies to the "entire city." However, the Legislature made a clear distinction between the "enforcing agency" and the "governmental subdivision." Under the definitional sections of the CCA, the "governmental subdivision" is the municipality that has assumed responsibility for code enforcement,[16] whereas the "enforcing agency" is the governmental agency *within* the governmental subdivision that is responsible for code enforcement.[17] Had the Legislature intended to permit the director to conduct a performance evaluation of the Troy City Council, it surely could have said so. We presume that the Legislature intended the meaning of the words used in the statute, and we may not substitute alternative language for that used by the Legislature.[18] Thus, the plain language of § 9b indicates that it applies only to the "enforcing agency" and not the "legislative body of a governmental

---

[16] MCL 125.1502a(v).

[17] MCL 125.1502a(t).

[18] *Lash v Traverse City*, 479 Mich 180, 189; 735 NW2d 628 (2007).

7

subdivision." For that reason, the circuit court erred by concluding that plaintiffs were required to exhaust the administrative remedy in MCL 125.1509b.

The judgment of the Court of Appeals is reversed, and the case is remanded to the circuit court for further proceedings consistent with this opinion.

Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein