# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

SPINE SPECIALISTS OF MICHIGAN PC v MEMBERSELECT INSURANCE COMPANY

Docket No. 165445. Argued on application for leave to appeal October 9, 2024. Decided April 1, 2025.

Spine Specialists of Michigan PC brought an action in the Macomb Circuit Court against MemberSelect Insurance Company, seeking payment for medical care it provided to Jeremy Woods, defendant's insured, pursuant to Woods's assignment of personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. Woods was injured in an automobile collision in 2017 and received medical care from plaintiff. Woods assigned plaintiff his right to payment from defendant, but defendant refused to pay plaintiff. After plaintiff filed its action, defendant moved for summary disposition, asserting that the amounts sought by plaintiff were barred by the one-year-back rule, MCL 500.3145, which requires a claimant to file an action to recover benefits within one year of when the medical services in question were rendered. This provision was amended in 2019 to add MCL 500.3145(3), a tolling provision that extends the one-year period under certain circumstances. The trial court, Edward A. Servitto, J., granted defendant's motion regarding plaintiff's claims for services rendered before the amendment became effective on June 11, 2019, but denied defendant's motion regarding plaintiff's claims for services rendered between June 11, 2019 and August 12, 2020. Plaintiff appealed. The Court of Appeals, RIORDAN, P.J., and BOONSTRA and GADOLA, JJ., affirmed, reasoning that the tolling provision should not apply to the claims because PIP benefits accrue as each expense is "incurred," which occurs when treatment is received, not when payment is denied. 345 Mich App 405 (2023). Plaintiff sought leave to appeal in the Supreme Court, which ordered oral argument on the application. 513 Mich 904 (2023).

In an opinion by Chief Justice CLEMENT, joined by Justices ZAHRA, BERNSTEIN, CAVANAGH, and BOLDEN, the Supreme Court *held*:

MCL 500.3145(3) does not apply retroactively to causes of action that began to accrue before that provision became effective on June 11, 2019. Accordingly, because a claim for PIP benefits accrues when medical services are rendered, plaintiff's claims for services rendered between June 11, 2019 and August 12, 2020 were barred by the one-year-back rule. The Court of Appeals judgment was affirmed.

1.  The one-year-back rule, which was the key aspect of the version of MCL 500.3145 effective before June 11, 2019, strictly limited any claims for benefits to expenses incurred within the year preceding the filing of the action.  Under the amended statute, which added MCL 500.3145(3), the allowable period may be extended by the time between a "specific claim for payment" and when the insurer "formally denies" that claim.  Accordingly, a claimant may now seek benefits beyond the strict one-year limit, depending on (1) the timing of the insurer's response to the claim and its issuing of a formal denial, and (2) whether the person claiming benefits pursues the claim with reasonable diligence.  Plaintiff filed its complaint after the amendment of MCL 500.3145 became effective, seeking payment for services rendered in April and May 2019.  If the preamendment version of the statute applies, as the Court of Appeals held, the claims were time-barred because they pertained to losses incurred more than one year before the date on which the action was commenced under MCL 500.3145(2).  By contrast, if the postamendment version applies, the claim might remain viable more than one year after accrual in the absence of a formal denial.

2.  Substantive rights and liabilities are presumptively governed by the law in effect at the time a cause of action accrues.  Because the one-year-back rule, which the tolling provision is a part of, may substantively reduce the monetary amount of benefits available, it is a substantive provision that affects substantive rights.  A claim for PIP benefits accrues at the moment medical services are rendered—that is, when the expense is incurred by the provider.  To "incur" means to become liable or subject to, especially because of one's own actions.  Woods received the medical care at issue from Spine Specialists in April and May 2019.  On those dates, Woods incurred the expenses for the treatment he received, thereby creating liability for payment—a right he assigned to Spine Specialists.  When Woods incurred these expenses, under MCL 500.3110(4), the claims accrued.  Applying the amended statute to causes of action that accrued in April and May 2019— before the amendment's effective date—would necessarily require retroactive application of the statute.

3.  To determine whether a modified statute applies retroactively, courts consider the four principles set forth in *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26 (2014): whether there is specific language providing for retroactive application, whether the statute is operating retroactively merely because it relates to an antecedent event, whether vested rights acquired under existing laws will be impaired and whether new obligations or duties will be created with respect to transactions or considerations already past, and whether the injury or claim is antecedent to the enactment of a remedial or procedural statute that does not affect vested rights.  Though often labeled as the "*LaFontaine* factors," they are better understood as discrete principles or considerations, each of which independently informs the retroactivity inquiry.  Only the applicable principles need to be assessed, and any one may be dispositive, obviating the need to address the others.  Under a *LaFontaine* analysis, the first and often most important principle to consider is whether there is specific language providing for retroactive application.  While the amendments of MCL 500.3145 were specifically designated to be given "immediate effect," they are still presumed to apply prospectively only, and the amendments of MCL 500.3145 contain no clear legislative intent that they apply retroactively.  The "immediate effect" designation signifies a prompt enactment without implying retroactive applicability.  By failing to modify the existing accrual rule under MCL 500.3110(4), the Legislature preserved the framework governing when claims accrue, reinforcing that the tolling provision should apply only to claims that began to

accrue postamendment. Furthermore, applying the relevant *LaFontaine* principles showed that retroactive enforcement would impose new duties on insurers regarding previously completed transactions. This holding did not suggest that a tolling provision could never apply retroactively; rather, it emphasized that when such a provision introduces a new duty, retroactivity must be clearly indicated. In this case, the Legislature's silence on retroactivity, combined with the imposition of new obligations and duties for transactions already past, confirmed that the tolling provision added to MCL 500.3145 should operate solely on a prospective basis.

Affirmed.

Justice WELCH, concurring in the judgment only, wrote separately to explain that while she fully agreed with the majority that the amended version of MCL 500.3145 was not retroactive and thus with the majority's conclusion that Spine Specialists could not avail itself of the new tolling provisions in MCL 500.3145(3), she believed that the majority opinion's reasoning was inconsistent with *Andary v USAA Cas Ins Co*, 512 Mich 207 (2023), which relied on the premise that the rights associated with a no-fault insurance contract vested at the time of the vehicle crash that injured the insured. She stated that although the majority correctly cited *Andary* for the proposition that a claim for payment of PIP benefits accrues when the payable expenses are incurred, the majority departed from *Andary*'s reasoning by concluding that the law in effect at the time of accrual defines the scope of the parties' rights under a no-fault policy, an argument that was specifically rejected in *Andary*. As the author of *Andary*, Justice WELCH would have followed the reasoning set forth in that case to reach the same result as the majority did here.

Justice THOMAS did not participate because the Court considered this case before she assumed office.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas

FILED April 1, 2025

STATE OF MICHIGAN

SUPREME COURT

SPINE SPECIALISTS OF MICHIGAN
P.C.,

      Plaintiff-Appellant,

v

No. 165445

MEMBERSELECT INSURANCE
COMPANY,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH (except THOMAS, J.)

CLEMENT, C.J.

This case concerns the 2019 amendments to Michigan's no-fault act, MCL 500.3101 *et seq*., specifically the question whether the tolling provision added to MCL 500.3145 applies retroactively to personal protection insurance (PIP) claims that had already begun to accrue before the amendment was adopted. We affirm the judgment of the Court of Appeals and hold that the tolling provision does not apply retroactively to such claims.

## I.  FACTS AND PROCEDURAL HISTORY

The material facts in this case are not in dispute.  Jeremy Woods was injured in a car crash on January 21, 2017.  He was insured under a no-fault policy issued by defendant, MemberSelect Insurance Company.  Plaintiff, Spine Specialists of Michigan P.C., provided medical care to Woods.  The dates of relevant medical services include an office visit on April 15, 2019, billed at $350; a spinal fusion procedure with laminectomy and discectomy on April 20, 2019, billed at $118,800; and an office visit on May 6, 2019, billed at $350.  Woods assigned his right to payment of no-fault PIP benefits for these visits to Spine Specialists.  Spine Specialists then sought payment from MemberSelect for the care it provided to Woods on these dates.  MemberSelect refused to pay, and Spine Specialists sued, filing its complaint on September 21, 2020.

On June 9, 2021, MemberSelect moved for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10), arguing that most of the claims brought by Spine Specialists were barred by the one-year-back rule contained in MCL 500.3145, which limits the recovery of PIP benefits to those losses occurring no more than one year before an action is brought.

The trial court granted in part and denied in part MemberSelect's motion for summary disposition.  Pertinent here, the trial court granted MemberSelect's motion for summary disposition regarding Spine Specialists' claims for services provided before June 11, 2019, the date on which the tolling provision became effective as part of MCL 500.3145.

Spine Specialists appealed, and the Court of Appeals affirmed.  See *Spine Specialists of Mich PC v MemberSelect Ins Co*, 345 Mich App 405, 407; 5 NW3d 108

2

(2022). In affirming the trial court's ruling, the Court of Appeals reasoned that the amended statute containing the tolling provision should not apply to the claims because, under the no-fault act, PIP benefits accrue as each expense is "incurred," which occurs when treatment is received, not when payment is denied. *Id*. at 412. According to the Court of Appeals, in this case Woods's PIP benefits accrued in April and May 2019 when he received treatment, making those claims subject to the pre-amendment version of the statute, effective before June 11, 2019. *Id*. at 413. Without the tolling provision of the current statute, however, the pre-June 11, 2019 claims were barred by the one-year-back rule.

On the same date that the Court of Appeals panel in this case issued its opinion, another panel of the Court of Appeals published an opinion that instead applied the post-amendment version of the one-year-back statute to claims that accrued before the statute's effective date. See *Encompass Healthcare, PLLC v Citizens Ins Co*, 344 Mich App 248; 998 NW2d 751 (2022). In *Encompass*, the question whether the old or new version of the statute should apply was not explicitly raised, but the panel stated in a footnote that the case was governed by the new version of the one-year-back rule "[b]ecause Encompass's complaint was filed after the amendments took effect[.]" *Id*. at 252 n 1. Spine Specialists sought leave to appeal in this Court.[1] We ordered oral argument on the application, directing the parties to address "whether the Court of Appeals correctly held that the tolling provision of the one-year-back rule, MCL 500.3145(3), does not apply to claims for

---

[1] Among the many arguments put forth by Spine Specialists in this case was that under MCR 7.215(C)(2), the Court of Appeals was required to follow the published holding in *Encompass*.

3

personal protection insurance no-fault benefits that accrued, MCL 500.3110(4), before the amendment to § 3145 took effect on June 11, 2019." *Spine Specialists of Mich PC v MemberSelect Ins Co*, 513 Mich 904, 904 (2023).

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Mich Farm Bureau v Dep't of Environment, Great Lakes, & Energy*, ___ Mich ___, ___; ___ NW3d ___ (July 31, 2024) (Docket No. 165166); slip op at 22. MemberSelect moved for summary disposition under MCR 2.116(C)(7) and (C)(10). When a defendant brings a motion for summary disposition under MCR 2.116(C)(7), we accept the allegations in the complaint as true unless contradicted by documentation that the defendant has submitted. *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 333; 999 NW2d 423 (2023).

"A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When considering a (C)(10) motion, a court must consider "affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties . . . ." MCR 2.116(G)(5). This evidence is considered "in the light most favorable to the party opposing the motion." *Maiden*, 461 Mich at 120. If the evidence fails to establish a genuine dispute regarding any material fact, then the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10).

We also review de novo questions of statutory interpretation. *Mich Ass'n of Home Builders v City of Troy*, 497 Mich 281, 285; 871 NW2d 1 (2015). Statutes are to be

interpreted according to legislative intent, with the clearest indication being the statute's plain language. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). "[C]ourts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002), citing *Lansing v Lansing Twp*, 356 Mich 641, 649-650; 97 NW2d 804 (1959).

## III. ANALYSIS

This case presents the question whether the tolling provision newly added to MCL 500.3145 applies to an action filed after the no-fault amendments took effect on June 11, 2019, when the underlying expenses were incurred before the amendment's effective date. Answering this question requires examining the text of MCL 500.3145 and understanding the changes that the 2019 amendments made to it.

Before its amendment in 2019, MCL 500.3145(1) provided, in relevant part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. [MCL 500.3145(1), as enacted by 1972 PA 294.]

MCL 500.3145 was amended by 2019 PA 21, effective June 11, 2019, and now provides, in relevant part:

5

(1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

(2) Subject to subsection (3), if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred.  However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.

(3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is tolled from the date of a specific claim for payment of the benefits until the date the insurer formally denies the claim.  This subsection does not apply if the person claiming the benefits fails to pursue the claim with reasonable diligence.

In the version of MCL 500.3145 effective prior to June 11, 2019, the key aspect of that provision was the "one-year-back rule."  This rule stated that any claims for benefits were strictly limited to expenses incurred within the year preceding the filing of the action.  In other words, for a claimant to recover benefits, the action had to be filed within one year of when the medical services in question were rendered.  If more than a year had elapsed, the statute barred recovery for those expenses.  As we explained in *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 220-221; 815 NW2d 412 (2012):

The one-year-back rule codifies an integral part of the legislative compromise that is the no-fault act . . . .  Given that Michigan is the only state with a no-fault automobile-injury reparations scheme with mandatory, unlimited, lifetime medical benefits, the Legislature adopted a unique approach to defining the temporal limitations for filing suit without allowing open-ended liability or time-barring claims before they accrue.  The Legislature addressed this problem by enacting the one-year-back rule, which limits recovery to losses incurred within one year before suit was filed.  Thus, the creation of MCL 500.3145(1) was the Legislature's reasonable and

6

simple approach to resolving the problem of allowing a reasonable amount of time for pursuing a claim while protecting the fiscal integrity of the no-fault system.

Following the 2019 amendments, however, the one-year-back rule is no longer unqualified. As part of its comprehensive amendments to the no-fault act, the Legislature added a tolling provision that now extends the one-year period under certain circumstances. See MCL 500.3145(3). Under the amended statute, the allowable period may be extended by the time between a "specific claim for payment" and when the insurer "formally denies" that claim. MCL 500.3145(3). Now, a claimant may seek benefits beyond the strict one-year limit, depending on (1) the timing of the insurer's response to the claim and its issuing of a formal denial, and (2) whether the person claiming benefits pursues the claim with reasonable diligence.

There is no dispute that Spine Specialists filed its complaint after the amendment to MCL 500.3145 became effective, which introduced the tolling provision. Spine Specialists filed its complaint on September 21, 2020, seeking payment for services rendered in April and May 2019. If the pre-amendment version of the statute applies, as the Court of Appeals held, the claims were time-barred because they pertain to "loss[es] incurred more than 1 year before the date on which the action was commenced." MCL 500.3145(2). The Court of Appeals reasoned that "the loss was incurred when Woods received medical treatment from plaintiff in April and May 2019, and the claims for those services accrued at that time." *Spine Specialists*, 345 Mich App at 414. By contrast, if the post-amendment version applies, as Spine Specialists contends, the claim might remain viable more than one year after accrual in the absence of a formal denial.

7

## A. THE ACCRUAL DATE IS DETERMINATIVE

Spine Specialists primarily contends that retroactive application is unnecessary because the controlling law is not determined by the date the claim accrues, but rather by the law in effect when the action is commenced. According to Spine Specialists, the operative date is the commencement of the action. We disagree.

Substantive rights and liabilities are presumptively governed by the law in effect at the time a cause of action accrues. *Husted v Consumers Power Co*, 376 Mich 41, 47; 135 NW2d 370 (1965). The one-year-back rule serves as a "damages-limiting provision," restricting recovery to losses incurred within the year preceding the filing of the action. *Joseph*, 491 Mich at 214. Because the one-year-back rule, which the tolling provision is a part of, may "substantively reduce the monetary amount" of benefits available, it is a substantive provision that affects substantive rights. *Andary v USAA Cas Ins Co*, 512 Mich 207, 255; 1 NW3d 186 (2023).

As we emphasized in *Andary*, a claim for PIP benefits accrues at the moment medical services are rendered—that is, when the expense is incurred by the provider. See *Andary*, 512 Mich at 238. This Court has determined that "incur" means "[t]o become liable or subject to, [especially] because of one's own actions." *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 484; 673 NW2d 739 (2003) (quotation marks and citation omitted; alterations in original).

Woods received the medical care at issue from Spine Specialists in April and May 2019. On those dates, Woods incurred the expenses for the treatment he received, thereby creating liability for payment—a right he assigned to Spine Specialists. *Community Resource Consultants, Inc v Progressive Mich Ins Co*, 480 Mich 1097, 1098; 745 NW2d

8

123 (2008) ("Generally, one becomes liable for the payment of services once those services have been rendered."). When these expenses were incurred by Woods, the claims accrued. The no-fault act makes clear that "[p]ersonal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the *allowable expense*, work loss or survivors' loss is incurred." MCL 500.3110(4) (emphasis added). Once a claim accrues under the no-fault act, an "action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred." MCL 500.3145(2).

It is well established that the date on which expenses are incurred determines when the right to recover PIP benefits accrues, and this accrual date dictates the parties' substantive rights. See MCL 500.3110(4); see also *Buhl v Oak Park*, 507 Mich 236, 243; 968 NW2d 348 (2021) (holding that a statute "may only be applied to causes of action that accrued after the effective date of the amendment"); *Husted*, 376 Mich at 47. Thus, applying the amended statute to causes of action that accrued in April and May 2019— before the amendment's effective date—would necessarily require retroactive application of the statute.

To underscore the impact of the amendment, we note that the one-year-back rule and absence of a tolling provision in the pre-amendment statute significantly shaped insurers' substantive rights and liabilities. For many years, Michigan courts (including this Court) read a judicial tolling provision into the one-year-back rule such that the running of this one-year period was tolled between the time a claimant made a claim for benefits (if the claim was brought with "reasonable diligence") and an insured's formal denial of that claim. See *Lewis v Detroit Auto Inter-Ins Exch*, 426 Mich 93; 393 NW2d 167 (1986). In

9

2005, this Court overruled caselaw recognizing this judicial tolling of the one-year period. See *Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005).

Accordingly, after 2005, insurers had no formal duty to deny claims in order to end tolling; this obligation, introduced by MCL 500.3145(3) in June 2019, changed the liability landscape by reinstituting the tolling formerly recognized by our Courts, imposing a new duty on insurers that has substantive implications. The new statutory tolling provision underscores the importance of two critical dates: the date on which a claim for payment is made and the date on which the insurer formally denies the claim. These dates now affect a claimant's right to recover and have the potential to substantially alter the scope of an insurer's liability under the one-year-back rule.

## B. RETROACTIVITY

Our analysis, however, does not end here. Spine Specialists' claims could proceed if the amendments to MCL 500.3145 apply retroactively.

In Michigan, statutes are presumed to apply prospectively unless the Legislature clearly indicates an intent for retroactive application. *Buhl*, 507 Mich at 244. Retroactive application of legislation is cautiously approached by this Court because it " 'presents problems of unfairness . . . [that] can deprive citizens of legitimate expectations and upset settled transactions.' " *Downriver Plaza Group v Southgate*, 444 Mich 656, 666; 513 NW2d 807 (1994), quoting *Gen Motors Corp v Romein*, 503 US 181, 191; 112 S Ct 1105; 117 L Ed 2d 328 (1992).

This presumption for prospective application is especially true when retroactive application would impose a new liability on a past action or take away a defense that was

10

valid before the law changed. *Johnson v Pastoriza*, 491 Mich 417, 429-430; 818 NW2d 279 (2012). "A statute is construed to have prospective effect only unless the Legislature expressly, or impliedly, indicates its intention to give it retrospective effect." *Hughes v Judges' Retirement Bd*, 407 Mich 75, 85; 282 NW2d 160 (1979). The most effective way for the Legislature to be clear and unambiguous about retroactive intent is by writing it explicitly into the statute's text. See *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 583-584; 624 NW2d 180 (2001) (stating that, "[i]n determining whether a statute should be applied retroactively or prospectively only, '[t]he primary and overriding rule is that legislative intent governs,' " as evidenced by whether the Legislature used "express language regarding retroactivity") (citation omitted); but see *Andary*, 512 Mich at 247 n 23 (noting that "the presumption in favor of prospective operation can be rebutted by a clear, express command or necessary implication").

The Legislature is fully capable of clearly expressing its intent for a statute to apply retroactively. In fact, it has done so explicitly on multiple occasions. See, e.g., MCL 141.1157 ("This act shall be applied retroactively . . . ."); MCL 324.21301a(2) ("The liability provisions that are provided for in this part shall be given retroactive application."); MCL 224.19(2) ("The authority and powers granted in this section relative to bridges over navigable streams and the grant of that authority are retroactive . . . ."). "When it wishes to address the question of retroactivity, the Legislature has specifically done so in addition to providing for an effective date." *Selk v Detroit Plastic Prod*, 419 Mich 32, 35 n 2; 348 NW2d 652 (1984).

In our most recent opinion on statutory retroactivity, *McLain v Roman Catholic Diocese of Lansing*, 514 Mich ___; ___ NW3d ___ (July 10, 2024) (Docket No. 165741),

11

we emphasized the importance of the Legislature's chosen language as a significant, often determinative, factor. Nevertheless, in that opinion, we reaffirmed that *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26; 852 NW2d 78 (2014), remains the guiding framework for assessing whether a modified statute applies retroactively. *LaFontaine* states:

> In determining whether a law has retroactive effect, we keep four principles in mind. First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute. [*Id*. at 38-39.]

Though often labeled as the "*LaFontaine* factors," this description is somewhat misleading—even if our own caselaw frequently uses it. The term "factors" may imply a balancing test or the weighing of competing elements, but retroactivity analysis is not about balancing interests. Instead, the so-called "factors" are better understood as discrete principles or considerations, each of which independently informs the retroactivity inquiry. For instance, clear legislative intent for retroactivity would be decisive, while in other cases, a statute's mere reference to past events may be irrelevant if it disrupts vested rights. Referring to these principles as "factors" may incorrectly imply that all must be balanced or equally considered in every case. In reality, only the applicable principles need to be assessed, and any one may be dispositive, obviating the need to address the others.

Under a *LaFontaine* analysis, the first and often most important principle to consider is "whether there is specific language providing for retroactive application." *LaFontaine*,

496 Mich at 38. The amendments of MCL 500.3145 were specifically designated to be given "immediate effect." 2019 PA 21, enacting § 2. This Court grappled with this type of statutory language in *Johnson*. There, we clarified that amendments and statutes given immediate effect are still presumed to apply prospectively only:

> While 2005 PA 270 was given immediate effect, nothing in the statutory amendment suggests that the Legislature intended *retroactive* effect. The phrase "immediate effect" simply refers to Const 1963, art 4, § 27, which provides that "[n]o act shall take effect until the expiration of 90 days from the end of the session at which it was passed, but the legislature may give *immediate effect* to acts by a two-thirds vote of the members elected to and serving in each house." (Emphasis added.) Use of the phrase "immediate effect" does not at all suggest that a public act applies retroactively. [*Johnson*, 491 Mich at 430.]

While the phrase "immediate effect" may carry some ambiguity, the use of it "does not at all suggest that a public act applies retroactively." *Id*. That the Legislature "provided for the law to take immediate effect . . . only confirms its textual prospectivity." *LaFontaine*, 496 Mich at 40. This is true because, again, the Legislature has " 'shown on several occasions that it knows how to make clear its intention that a statute apply retroactively.' " *Brewer v A D Transport Express, Inc*, 486 Mich 50, 56; 782 NW2d 475 (2010), quoting *Frank W Lynch & Co*, 463 Mich at 584.

Had the Legislature intended for the amendment to apply retroactively—encompassing all cases filed after the effective date of the amendment regardless of when the cause of action accrued—it could have expressly stated so. *Elezovic v Ford Motor Co*, 472 Mich 408, 425; 697 NW2d 851 (2005) ("The Legislature is held to what it said. It is not for us to rework the statute. Our duty is to interpret the statute as written."). For instance, the Legislature could have provided language indicating that the tolling provision

13

applies to all cases filed after June 2019, even if the claims accrued under the pre-amendment statute. Specific language to this effect, such as "this amendment shall apply to all actions filed on or after the effective date regardless of the date of accrual," would clarify retroactive intent, ensuring that the tolling provision would govern cases filed after the amendment irrespective of the date of expense or treatment. See *LaFontaine*, 496 Mich at 40 n 30 (noting that MCL 445.1567(1) and (2), MCL 445.1568, and MCL 445.1570 each begin with the preface "Notwithstanding any agreement" as a sign they were retroactive). Instead, "immediate effect" was the only language used. See *Buhl*, 507 Mich at 245 ("In this case, nothing in the plain language of the statute suggests that MCL 691.1402a(5) was intended to apply retroactively. To the contrary, the amendment was given immediate effect without further elaboration."). Further elaboration beyond "immediate effect" is necessary to support the intent for a statute to be applied retroactively. See *McLain*, 514 Mich at ___; slip op at 18-19.

In the absence of language indicating retroactive application, the Legislature effectively reaffirmed its existing approach under MCL 500.3110(4) regarding when claims accrue for PIP benefits and when a cause of action arises. The no-fault act already specifies that PIP benefits accrue when they are "incurred," meaning when the insured receives treatment and becomes liable for payment—not when the injury occurs. MCL 500.3110(4). "[A]n expense is incurred or a patient becomes liable when an agreement to pay is executed *and* treatment is received." *Bronson Health Care Group, Inc v USAA Cas Ins Co*, 335 Mich App 25, 35-36; 966 NW2d 393 (2020). MCL 500.3110(4) explicitly provides: "Personal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors'

14

loss is incurred." MCL 500.3110(4). This provision dictates the accrual date for claims, establishing that the right to seek payment of PIP benefits is triggered at the time an expense is incurred.

When the Legislature amended MCL 500.3145 in 2019 to include a tolling provision, it left MCL 500.3110(4) unchanged and included no retroactive language. This reinforces the existing accrual rule. To hold otherwise would require a clear "indication in the text that the Legislature intended for the amendment to be applied retroactively[.]" *Buhl*, 507 Mich at 245.

By omitting retroactive language and leaving MCL 500.3110(4) intact, the Legislature signaled its intent for the amendment to apply prospectively under the existing accrual framework. The use of "immediate effect" does not suggest otherwise. As this Court has emphasized, " 'the best indicator of the Legislature's intent is the words used.' " *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016), quoting *Johnson*, 491 Mich at 436. This confirms under *LaFontaine*'s first principle that the tolling provision applies exclusively to claims accruing after the amendment's effective date, which is consistent with the Legislature's decision to omit retroactive language and preserve the existing statutory framework.

Although *LaFontaine* outlines multiple principles, not all are relevant in every case. Here, the second principle—"in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event," *LaFontaine*, 496 Mich at 38-39—need not be addressed because it does not materially advance the retroactivity inquiry under these facts. See *McLain*, 514 Mich at ___; slip op at 21-22 (finding the second factor to be inapplicable). Instead, we'll consider *LaFontaine*'s third principle,

which provides valuable guidance by directing this Court to consider the potential negative effects of retroactive laws, particularly noting their potential to " 'impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past.' " *Andary*, 512 Mich at 254, quoting *LaFontaine*, 496 Mich at 39. This guiding principle reflects a commitment to protecting the settled expectations of parties under existing law.

To assess this *LaFontaine* principle requires potentially examining two things: whether vested rights have been impaired, and whether new obligations or duties have been imposed on past transactions. See *Buhl*, 507 Mich at 246. To properly analyze this principle, it is essential to understand the one-year-back rule itself, as this clarifies the purpose of its tolling provision. Recall that the one-year-back rule is a damages-limiting provision, *Joseph*, 491 Mich at 222, and so it "does not serve those purposes typically associated with a statute of limitations because it does not operate to cut off a claim or bar the action or the recovery; it simply limits the compensation available to the claimant." *Id*. at 216. This damages-limiting provision caps insurers' financial exposure under Michigan's no-fault framework.

Although the one-year-back rule provides insurers with substantial protection, it generally does not constitute a vested right. "It is the general rule that that which the legislature gives, it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it." *Lahti v Fosterling*, 357 Mich 578, 589; 99 NW2d 490 (1959). However, because retroactively applying the tolling provision would "create new obligations or duties with respect to transactions or considerations already past," *LaFontaine*, 496 Mich at 39, we do not find it

16

necessary here to determine whether the one-year-back rule and tolling provision as applied here constitutes a vested right.

Beyond the question of vested rights, it is clear that MCL 500.3145(3) created a new duty for MemberSelect to formally deny a claim—a requirement absent under the pre-amendment version of the statute. The third *LaFontaine* principle strongly advises against retroactive application in this instance, as it would impose these new obligations on actions taken (or not taken) under the previous legal framework. At the time the claim began to accrue in this case, there was no tolling statute requiring a formal denial from insurers to secure the one-year-back limitation. By applying the new tolling rule retroactively, we would open MemberSelect to potential liability for what could now be labeled as a "failure" to provide a formal denial—a "failure" that was immaterial under the pre-amendment law.

The imposition of such a requirement could hold insurers liable for actions, or inactions, that, at the time, carried no legal significance. Insurers reasonably relied on the one-year-back rule to establish the boundaries of their liability exposure, and they were not required to take affirmative steps, such as issuing formal denials, to safeguard this protection. Retroactive application would disrupt this reliance, potentially exposing insurers to expanded liability without notice or recourse, and ultimately undermining the stability that the one-year-back rule provided.

Spine Specialists contends that issuing a formal denial is not a new duty, given that PIP benefits are considered overdue under MCL 500.3142 when they remain unpaid for 30 days following the submission of reasonable proof of loss. But a duty to pay on a sufficiently supported claim within 30 days is distinct from an obligation to issue a formal denial when declining a request to pay on a claim. Additionally, Spine Specialists argues

17

that insurers have long followed the best practice of issuing formal denials or paying PIP benefits promptly to avoid penalties, such as attorney fees under MCL 500.3148. However, this argument conflates an insurer's general good practice with the statutory *mandate* introduced by the amendments to MCL 500.3145(3), which requires a formal denial to stop tolling.

Denying a claim, under the pre-amendment framework, meant that an insurer was under no statutory obligation to deny a claim with any particular procedural steps. An insurer was simply able to rely on the one-year-back rule, without tolling, to limit liability, bypassing the need for a formalized response. However, a formal denial under the tolling provision carries a heightened obligation, one that was not previously mandated by law, in order to invoke the one-year-back rule. This formal-denial provision, if applied retroactively, would not only create new legal significance for past actions, but could also require insurers to reconstruct their past responses to claims, which "would effectively rewrite history" by requiring an insurer defendant to go back in time and issue a formal denial of a plaintiff's claim at a time when it was not required to do so. *Buhl*, 507 Mich at 247. Thus, applying MCL 500.3145 retroactively would place MemberSelect in a position where it must meet standards and obligations that did not exist when it originally denied Spine Specialists' claim, undermining reliance on the then established one-year-back rule without the tolling provision. See *In re Certified Questions from the US Court of Appeals for the Sixth Circuit*, 416 Mich 558, 572; 331 NW2d 452 (1982).

The final *LaFontaine* principle provides that "a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute." *LaFontaine*, 496 Mich at 39. However, where

18

the third *LaFontaine* principle does not support retroactivity, the Court should conclude its analysis. See *Buhl*, 507 Mich at 248 ("Although we disagree with the conclusion that MCL 691.1402a(5) satisfies the third *LaFontaine* factor and could end our analysis here . . . ."). This is especially true when, as here, the statute's text lacks any indication of retroactive intent—a consideration highlighted by the first *LaFontaine* principle. Cf. *McLain*, 514 Mich at ___; slip op at 23. The crux of our inquiry in cases like this one is to ascertain the statute's meaning and determine whether the text's ordinary language clearly indicates that the Legislature intended it to apply retroactively. Here, the statute's language contains no indication of retroactivity, and application of the third *LaFontaine* principle confirms this.[2]

In summary, the *LaFontaine* principles guide the analysis of retroactive statutory application, emphasizing a need for clear legislative intent to justify retroactive effect. In this case, no such intent is reflected in the amendments to MCL 500.3145. The "immediate effect" designation signifies a prompt enactment without implying retroactive applicability. See *Johnson*, 491 Mich at 430. By failing to modify the existing accrual rule under MCL 500.3110(4), the Legislature preserved the framework governing when

---

[2] Spine Specialists further argues that the amendments to MCL 500.3145 should apply retroactively because they were "curative" amendments designed to supersede this Court's decision in *Devillers*, 473 Mich 562, and reinstate the standard articulated in binding precedent preceding that decision. See *Lewis*, 426 Mich 93, overruled by *Devillers*, 473 Mich 562. However, this Court has previously rejected a similar argument that purported "curative" legislation enacted many years after a judicial decision necessarily applies retroactively. See *Buhl*, 507 Mich at 247-251. Even assuming that we were to agree that the amendments were intended by the Legislature to be curative in nature, in light of our analysis of the *LaFontaine* principles, a curative intent does not inform the question whether the Legislature intended the amendments to apply retroactively to claims that accrued before the effective date of the amendment.

19

claims accrue, reinforcing that the tolling provision should apply only to claims that began to accrue post-amendment.

Furthermore, applying the relevant *LaFontaine* principles shows that retroactive enforcement would impose new duties on insurers regarding previously completed transactions, underscoring the conclusion that the statute should not be applied retroactively. This holding does not suggest that a tolling provision could never apply retroactively; rather, it emphasizes that when such a provision introduces a new duty, retroactivity must be clearly indicated. Here, the Legislature's silence on retroactivity, combined with the imposition of new obligations and duties for transactions already past, confirms that the tolling provision added to MCL 500.3145 should operate solely on a prospective basis.

## IV. CONCLUSION

We hold that MCL 500.3145(3) does not apply retroactively to causes of action that began to accrue before the June 11, 2019 amendment became effective. For the reasons outlined in this opinion, we affirm the judgment of the Court of Appeals.

Elizabeth T. Clement
Brian K. Zahra
Richard H. Bernstein
Megan K. Cavanagh
Kyra H. Bolden

20

STATE OF MICHIGAN

SUPREME COURT

SPINE SPECIALISTS OF MICHIGAN
P.C.,

   Plaintiff-Appellant,

v               No. 165445

MEMBERSELECT INSURANCE
COMPANY,

   Defendant-Appellee.

_____

WELCH, J. (*concurring in the judgment only*).

  While I concur in the judgment, I cannot join the majority opinion because I believe that its reasoning is inconsistent with this Court's decision in *Andary v USAA Cas Ins Co*, 512 Mich 207; 1 NW3d 186 (2023). As I explained in my dissenting opinion in *Centria Home Rehab, LLC v Allstate Ins Co*, ___ Mich ___, ___; 12 NW3d 387, 389 (2024), our decision in *Andary* relied on the premise that "the rights associated with a no-fault insurance contract vested at the time of the vehicle crash that injured the insured." See also *Andary*, 512 Mich at 239. Thus, for accidents that occurred before the no-fault act was amended in 2019, the parties' rights and duties were defined by the preamendment version of the act. *Id*. at 240-244; see also 1972 PA 294 and 2019 PA 21. On this basis, we concluded in *Andary* that the plaintiff insureds had vested statutory and contractual rights to continue receiving the uncapped personal protection insurance (PIP) benefits to which they had been entitled before the 2019 amendments became effective. *Id*.

The majority here uses different reasoning, stating that the parties' rights are determined "by the law in effect at the time a cause of action accrues." *Ante* at 8. While it correctly cites *Andary* for the proposition that a claim for payment of PIP benefits accrues when the payable expenses are incurred, see *Andary*, 512 Mich at 243; MCL 500.3110(4), the majority departs from *Andary*'s reasoning by concluding that the law in effect at the time of accrual defines the scope of the parties' rights under a no-fault policy. We specifically rejected this argument in *Andary*:

> Defendants are correct that a PIP benefits claim for a specific amount of money to pay for medical expenses does not accrue until the expense is actually incurred. MCL 500.3110(4); *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476; 673 NW2d 739 (2003). But this fact does not change the vesting analysis at issue here: the law is well settled that the law in place at the time the parties' rights and obligations vested under a contract control absent a clear retrospective modification. While [the plaintiffs] cannot seek reimbursement for specific medical expenses until the expenses are actually incurred under MCL 500.3110(4), their rights under the insurance policies for reimbursement of all reasonable and necessary medical expenses at a particular (uncapped) level, if those expenses occur, vested at the time of the automobile accidents causing their injuries—the events that triggered the coverage provided by the insurance policies. [*Andary*, 512 Mich at 243-244.]

This distinction does not change the outcome in this case. Plaintiff, Spine Specialists of Michigan P.C., was proceeding as the assignee of its patient, Jeremy Woods. Woods, who was insured by defendant, MemberSelect Insurance Company, was injured in a car crash in 2017, before the no-fault act was amended in 2019. Accordingly, the relationship between MemberSelect, Woods, and Spine Specialists—as Woods' assignee—was defined by the preamendment version of the statute. As we held in *Andary*, this entitled Woods to additional benefits that were eliminated by the introduction of caps in the 2019 amendments. It also entitled MemberSelect to the protections of the

2

unamended version of MCL 500.3145, without the new tolling provision in MCL 500.3145(3).  See MCL 500.3145, as enacted by 1972 PA 294.

I agree fully with the majority that the amended version of MCL 500.3145 is not retroactive and thus with its conclusion that Spine Specialists cannot avail itself of the new tolling provisions in MCL 500.3145(3).  However, as the author of *Andary*, I would follow the reasoning we set forth in that opinion to reach the same result in this case.  Therefore, I respectfully concur in the judgment only.

Elizabeth M. Welch

THOMAS, J., did not participate because the Court considered this case before she assumed office.

3