# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

JESPERSON v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 150332. Argued December 9, 2015 (Calendar No. 2). Decided March 21, 2016.

Alan Jesperson was injured in a motor vehicle accident on May 12, 2009, when his motorcycle was struck from behind by a vehicle owned by Mary Basha and driven by Matthew Badelalla while Badelalla was making deliveries for Jet's Pizza. Auto Club Insurance Association (ACIA) was notified of Jesperson's injuries and that it was the highest-priority no-fault insurer on June 2, 2010, and it began making payments to Jesperson on July 23, 2010. Jesperson brought an action against Basha, Badelalla, and Jet's in the Macomb Circuit Court on December 1, 2010, seeking damages for the injuries he had sustained. He later moved to amend his complaint to add a claim against ACIA after it stopped paying him no-fault benefits. The court, Mark S. Switalski, J., entered a default judgment against Badelalla and Basha, entered an order allowing Jesperson to amend the complaint, and entered an order severing Jesperson's claims for trial. A jury returned a verdict of no cause of action with regard to Jesperson's claims against Jet's. Before trial on the remaining claim, ACIA moved for summary disposition, arguing that Jesperson's claim against it was barred by the statute of limitations in MCL 500.3145(1). The court agreed that the statute of limitations barred Jesperson's claim and granted ACIA's motion for summary disposition. On appeal, the Court of Appeals, BOONSTRA, P.J., and METER, J. (SERVITTO, J., dissenting), affirmed, holding that the exception in MCL 500.3145(1) to the one-year limitations period when the insurer has previously made a payment applies only if the insurer has made a payment within one year after the date of the accident. 306 Mich App 632 (2014).

In a unanimous opinion by Justice MCCORMACK, the Supreme Court *held*:

The first sentence of MCL 500.3145(1) allows for an action for no-fault benefits to be filed more than one year after the date of the accident causing the injury if the insurer has made a payment of no-fault benefits for the injury at any time before the action is commenced. Because such a payment was made in this case, the exception applied, and the question whether the defendant waived the statute of limitations by failing to properly plead it was moot.

1. MCL 500.3145(1) provides that an action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than one year after the date of the accident causing the injury unless written notice of injury

as provided herein has been given to the insurer within one year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. This sentence establishes a one-year statute of limitations with two exceptions. The "notice" exception allows the filing of an action for no-fault benefits more than one year after the date of the accident if written notice of injury has been given to the insurer within one year after the accident. The "payment" exception allows the filing of an action for no-fault benefits more than one year after the date of the accident if the insurer has previously made a payment of personal protection insurance benefits for the injury. The statute's plain language supports the position that "previously" means prior to the commencement of the action, rather than before the expiration of one year after the date of the accident. First, the Legislature used the word "or" to separate the notice exception and the payment exception, which indicates that the notice and payment exceptions should be treated as independent alternatives. Second, the Legislature chose to use the phrase "within 1 year after the accident" in the notice exception and the word "previously" in the payment exception, which indicates that "previously" must mean something different from "within 1 year after the accident." Third, the Legislature's word choice in the second sentence of MCL 500.3145(1) indicates that the exception is satisfied by any prior payment. The second sentence provides that if the notice has been given or a payment has been made, the action may be commenced at any time within one year after the most recent allowable expense, work loss or survivor's loss has been incurred. While the second sentence of § 3145(1) refers to "the notice," it also refers to "a payment," suggesting that while the Legislature was referring to a specific notice—the notice given to the insurer within 1 year after the accident—it was not referring to a specific payment made at any particular time but rather to any payment previously made. Reading the word "previously" to mean "prior to the commencement of the action" does not leave it completely surplusage or devoid of meaning, while interpreting "previously" to mean "within 1 year after the accident" would considerably undermine the significance of the payment exception.

2. Interpreting the payment exception to apply whenever an insurer has made a payment does not produce an absurd result. Even when a plaintiff may bring an action for payment of no-fault benefits more than one year after the date of an accident because the insurer has made a payment outside that window, MCL 500.3145(1) still applies a statute of limitations that limits when a plaintiff can bring a cause of action and a one-year-back rule that limits how much a plaintiff can recover. Furthermore, it is only by virtue of an action by the defendant—the payment of no-fault benefits—that this exception to the statute of limitations is applicable.

Court of Appeals judgment reversed; trial court order vacated; case remanded to the trial court for further proceedings.

©2016 State of Michigan

# OPINION

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED March 21, 2016

S T A T E  O F  M I C H I G A N

SUPREME COURT

ALAN JESPERSON,

      Plaintiff-Appellant,

v                                 No. 150332

AUTO CLUB INSURANCE
ASSOCIATION,

      Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

MCCORMACK, J.

Among the questions before us is whether an insurer's payment of no-fault benefits to a plaintiff more than one year after the date of the plaintiff's motor vehicle accident satisfies the second exception to the one-year statute of limitations established in the first sentence of MCL 500.3145(1) of the no-fault act.[1] We conclude that such a

---

[1] We granted leave to appeal and directed the parties to address:

(1) whether the defendant adequately raised the affirmative defense of the one-year statute of limitations stated in MCL 500.3145(1) without

payment does satisfy this exception. Accordingly, we reverse the judgment of the Court of Appeals, vacate the trial court's order granting summary disposition in favor of the defendant, and remand this case to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Alan Jesperson was involved in a motor vehicle accident on May 12, 2009. The accident was reported to defendant Auto Club Insurance Association (ACIA) on June 2, 2010, more than one year after the accident. On July 23, 2010, ACIA began paying personal protection insurance benefits, or no-fault benefits, to Jesperson. When ACIA subsequently notified Jesperson that it was terminating payment of his benefits, Jesperson amended his existing lawsuit against the driver of the other vehicle involved in the accident to add ACIA as a defendant, claiming that ACIA was wrongfully refusing to pay no-fault benefits.

The trial was scheduled to begin on February 19, 2013. On January 22, 2013, the defendant filed a motion for summary disposition in which it argued for the first time that

___

explicitly describing it in its answer to the plaintiff's amended complaint; (2) if not, whether the Court of Appeals erred in rejecting the plaintiff's argument that the defendant waived the affirmative defense by pointing to the trial court's authority to exercise its discretion to allow the defendant to amend its answer; and (3) if the defendant did not waive the statute of limitations defense, whether its payment of benefits to the plaintiff more than one year after the date of the accident satisfied the second exception to the one-year statute of limitations established in the first sentence of § 3145(1). [*Jesperson v Auto Club Ins Ass'n*, 497 Mich 987 (2015).]

In light of our disposition of issue (3), we decline to address issues (1) and (2).

2

the plaintiff's claim was barred by the one-year statute of limitations provided in MCL 500.3145(1). The trial court agreed with the defendant that the plaintiff's claim was barred by the one-year statute of limitations and dismissed the plaintiff's claim.

In a split, published decision, the Court of Appeals affirmed the trial court, holding that the exception in MCL 500.3145(1) to the one-year limitations period when the insurer has previously made a payment applies only if the insurer has made a payment within one year after the date of the accident. Thus, the exception did not apply in this case because the defendant's payments to the plaintiff did not begin until more than one year after the accident.[2] Judge SERVITTO dissented, concluding that the defendant had waived the statute of limitations affirmative defense by failing to properly plead it and stating that, accordingly, she would not have reached the statutory interpretation question.[3]

We granted the plaintiff's application for leave to appeal.

## II. ANALYSIS

The first sentence of MCL 500.3145(1) of the no-fault act establishes a one-year statute of limitations with two exceptions:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has

---

[2] *Jesperson v Auto Club Ins Ass'n*, 306 Mich App 632; 858 NW2d 105 (2014).

[3] *Jesperson*, 306 Mich App 653 (SERVITTO, J., dissenting).

previously made a payment of personal protection insurance benefits for the injury.

The first exception—the "notice" exception—allows the filing of an action for no-fault benefits more than one year after the date of the accident if "written notice of injury . . . has been given to the insurer within 1 year after the accident[.]" MCL 500.3145(1). The second exception—the "payment" exception—allows the filing of an action for no-fault benefits more than one year after the date of the accident if "the insurer has previously made a payment of personal protection insurance benefits for the injury." *Id.*

The critical issue here is the meaning of the word "previously" in the payment exception. The plaintiff contends that "previously" means prior to the commencement of the action; the defendant argues that "previously" means before the expiration of one year after the date of the accident. This Court reviews de novo questions of statutory interpretation, *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205; 815 NW2d 412 (2012), as well as a trial court's decision whether to grant a motion for summary disposition. *Id.*

When interpreting statutory language, we begin with the plain language of the statute. *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011). "We must give effect to the Legislature's intent, and the best indicator of the Legislature's intent is the words used." *Johnson v Pastoriza*, 491 Mich 417, 436; 818 NW2d 279 (2012). Additionally, when determining this intent we "must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute." *Hannay v Dep't of Transp*, 497 Mich 45, 57; 860 NW2d 67 (2014)

(quotation marks and citation omitted). We conclude that the statute's plain language supports the plaintiff's reading of the statute.

First, the Legislature used the word "or" to separate the notice exception and the payment exception. " 'Or' is . . . a disjunctive [term], used to indicate a disunion, a separation, an alternative." *People v Kowalski*, 489 Mich 488, 499 n 11; 803 NW2d 200 (2011), quoting *Mich Pub Serv Co v City of Cheboygan*, 324 Mich 309, 341; 37 NW2d 116 (1949) (alteration in original). See also *Badeen v PAR, Inc*, 496 Mich 75, 84 n 17; 853 NW2d 303 (2014) (noting that, because the phrases in the statute defining a collection agency are separated by the disjunctive "or," "a person need only engage in *one* of the enumerated actions to satisfy the statutory definition"). Thus, the word "or" here indicates that the notice and payment exceptions should be treated as independent alternatives.

Second, the Legislature chose to use the phrase "within 1 year after the accident" in the notice exception and the word "previously" in the payment exception. Courts have a duty to give meaning to the Legislature's choice of one word over another. *Robinson v Detroit*, 462 Mich 439, 459, 461; 613 NW2d 307 (2000). "This Court will not assume that the Legislature inadvertently made use of one word or phrase instead of another." *People v Williams*, 491 Mich 164, 175; 814 NW2d 270 (2012). "Previous" means "coming or occurring before something else; prior[.]" *Random House Webster's College Dictionary* (2d ed, 2001). We conclude that "previously" must mean something different from "within 1 year after the accident."

5

Third, the Legislature's word choice in the second sentence of § 3145(1) supports the plaintiff's reading of the payment exception that the exception is satisfied by any prior payment. The second sentence provides:

> If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. [MCL 500.3145(1).]

As this Court has explained:

> "The" and "a" have different meanings. "The" is defined as "definite article. 1. (used, [especially] before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an) . . . ." *Random House Webster's College Dictionary*, p 1382. [*Robinson v City of Lansing*, 486 Mich 1, 14 (2010) (explaining that the phrase "*the* highway" must refer to a specific or particular highway, while the phrase "*a* highway" would refer to highways in general) (quotation marks and citation omitted; alteration in original).]

While the second sentence of § 3145(1) refers to "the notice," it also refers to "a payment," suggesting that while the Legislature was referring to a specific notice—the notice given to the insurer within 1 year after the accident—it was not referring to a specific payment made at any particular time but rather to any payment previously made. See also *Robinson*, 462 Mich at 461 (discussing that the phrase "*a* proximate cause" should not be interpreted in the same way as the phrase "*the* proximate cause" because "[o]ur duty is to give meaning to the Legislature's choice of one word over the other") (emphasis added).

The defendant argues that the plaintiff's reading of the statute renders the word "previously" surplusage. While this argument is not without merit, reading the word "previously" to mean "prior to the commencement of the action" does not leave it

6

completely "surplusage," or devoid of meaning. At the same time, the defendant's proposed reading of the statute, i.e., interpreting "previously" to mean "within 1 year after the accident," would considerably undermine the significance of the payment exception. The notice exception applies if the required notice has been provided to the insurer within one year after the accident. MCL 500.3145(1). For an insurer to make a benefits payment for an injury from an accident, the insurer must have received notice that the accident occurred. That is, if an insurer makes a payment within one year after an accident, the insurer would in all likelihood have already received the required notice of the accident. In other words, if the payment exception only operates if payment has been made within one year after an accident, this exception operates only if the notice exception would also in all likelihood apply. To give full effect to the Legislature's intention, we must avoid an interpretation that renders the payment exception all but surplusage.[4] See *Hannay*, 497 Mich at 57.

Finally, contrary to the conclusion of the Court of Appeals majority, interpreting the payment exception to apply whenever an insurer has made a payment does not produce an absurd result. Even when a plaintiff may bring an action for payment of no-

---

[4] We recognize that MCL 500.3145(1) requires the notice to be in writing and that it contain "the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." Therefore, if the insured, for example, provided the insurer with only *oral* notice of the injury within one year of the accident and the insurer made a payment of benefits within that same period, the notice exception would not apply because written notice had not been provided, but the payment exception would apply because a payment had been made. In other words, the defendant's reading of the statute would not render the payment exception completely surplusage. It would, however, undermine the significance of a much larger portion of the statute than the plaintiff's reading.

fault benefits more than one year after the date of an accident because the insurer has made a payment outside that window, MCL 500.3145(1) still applies a statute of limitations that limits when a plaintiff can bring a cause of action[5] and a one-year-back rule that limits how much a plaintiff can recover.[6]  Accordingly, the Court of Appeals majority was wrong to conclude that the plaintiff's interpretation of this exception would "essentially eliminate the limitations period of MCL 500.3145(1) in cases in which an insurer has ever paid anything on a claim[.]"  *Jesperson*, 306 Mich App at 644. Furthermore, it is only by virtue of an action by the defendant—the payment of no-fault benefits—that this exception to the statute of limitations is applicable.  A plain-language reading of this statute does not produce an absurd result.

Therefore, we conclude that the payment exception to the one-year statute of limitations in § 3145(1) applies when the insurer makes a payment prior to the commencement of an action for no-fault benefits.  Because such a payment was made in

---

[5] The second sentence of MCL 500.3145(1) provides:

> If the notice has been given or a payment has been made, the action may be commenced at any time *within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred*.  [Emphasis added.]

See also *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 574; 702 NW2d 539 (2005) ("[MCL 500.]3145(1) contains two limitations on the time for filing suit . . . .").

[6] The third sentence of MCL 500.3145(1) provides that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."  See also *Devillers*, 473 Mich at 574 ("Thus, although a no-fault action to recover PIP benefits may be *filed* more than one year after the accident and more than one year after a particular loss has been incurred (provided that notice of injury has been given to the insurer or the insurer has previously paid PIP benefits for the injury), § 3145(1) nevertheless limits *recovery* in that action to those losses incurred within the one year preceding the filing of the action.").

8

this case, the exception applies and the question of whether the defendant waived the statute of limitations by failing to properly plead it is moot; thus, we decline to address it. *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010) (explaining that this Court generally will not decide moot issues).

## III.  CONCLUSION

We hold that the first sentence of MCL 500.3145(1) allows for an action for no-fault benefits to be filed more than one year after the date of the accident causing the injury if the insurer has either received notice of the injury within one year of the accident or has made a payment of no-fault benefits for the injury at any time before the action is commenced.  Accordingly, we reverse the Court of Appeals judgment, vacate the trial court's grant of summary disposition for the defendant, and remand to the trial court for further proceedings consistent with this opinion.

Bridget M. McCormack
Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Joan L. Larsen