*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOOVER PHYSICAL THERAPY, LLC, and
MEDICAL DIRECT TRANSPORTATION, LLC,

       Plaintiffs-Appellants,

v

AMERISURE INSURANCE COMPANY,

       Defendant-Appellee,

and

BARRY 365 DAY TRANSPORT, LLC, CHECKER
CAB, MICHIGAN ASSIGNED CLAIMS PLAN,
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, and PROGRESSIVE
MARATHON INSURANCE COMPANY,

       Defendants.

UNPUBLISHED
July 22, 2025
1:54 PM

No. 371228
Washtenaw Circuit Court
LC No. 22-001373-NF

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

In this action under the no-fault insurance act, MCL 500.3101 *et seq.*, plaintiffs appeal by right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and dismissing this case. We affirm.

## I. RELEVANT FACTS

This case arises out of a hit-and-run automobile collision on December 20, 2021. At that time, a black Malibu, while passing on the right of a Dodge Grand Caravan, side-swiped it, causing "minor" or "minimal damage on [its] right side[.]" Barry 365 Day Transport, LLC (the insured) owned the Caravan that defendant insured.

-1-

Antwan Quinney, one of three passengers in the Caravan, reported "leg pain" to the responding police officer.[1] The police traffic accident report recorded Quinney's complaint of "leg pain" and listed him as presenting with a Type C injury.[2] Although emergency medical services (EMS) arrived on scene, it was not "needed at that time."

On May 5, 2022, the insured's representative called defendant's claims representative, Bethany Binning, to report a new claim, adding that "no injuries were reported." On May 10, 2022, a different claims adjuster retrieved a copy of the police traffic crash report from LexisNexis, an online database service.

On July 12, 2022, Binning again spoke to the insured's representative. Although the representative told Binning that there were passengers in the vehicle during the accident, the representative "was not aware of any injuries to" them. Binning documented the representative's statement in the claim file. Binning's note reads:

> Spoke to insured. Passenger [sic] did not report injury to insured and insured has not heard from passenger [sic] or attorney. No indication any treatment was sought and EMS was denied. Insd reported claim for notice only. Closing claim at this time until/if any medical is received.

Later, Binning averred that defendant "did not receive any written notice of a claim for personal protection insurance benefits from . . . [its] insured, the insured passenger, Antwan Quinney, or from a third-party of the insured passenger, Antwan Quinney, on or before December 20, 2022."

In October 2022, plaintiffs originally filed this case, naming a different insurer. Plaintiffs sought personal protection insurance (PIP) benefits to pay $42,988.00 for services that they

---

[1] The responding police officer described the other two passengers and the driver as having "O" injury.

[2] "C" is used to designate "**Possible Injury:** Any possible injury that is reported or claimed[.]" UD-10 Traffic Crash Report User Guide (Revised 2022), p 2, <https://www.michigan.gov/msp/-/media/Project/Websites/msp/cjic/Traffic-Crash-Reporting-Unit-Files/UD-10-Guide-2022-FINAL.pdf?rev=1062d7d5bbd34b9c889d1dcfd83cea97> (accessed July 22, 2025). See also UD-10 Traffic Crash Report, p 59, Michigan State Police, *UD-10 Traffic Crash Report 2021 Instruction Manual* <https://www.michigan.gov/msp/-/media/Project/Websites/msp/cjic/pdfs/2021-UD-10-Instruction-Manual.pdf?rev=4615c4548dc24ef0b49fe63b05d90b77> (accessed July 22, 2025):

> **Possible Injury (C)** – A possible injury is any injury reported or claimed which is not a fatal, suspected serious or suspected minor injury. Examples include momentary loss of consciousness, claim of injury, limping, or *complaint of pain* or nausea. Possible injuries are those that are reported by the person or are indicated by his/her behavior, but no wounds or injuries are readily evident. [Emphasis added.]

provided to Quinney for injuries allegedly sustained in the accident. On November 3, 2023, plaintiffs amended their complaint to add defendant to this case.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10), arguing that the one-year statutory limitations period for PIP claims under MCL 500.3145(1) barred plaintiffs' claims. Plaintiffs opposed the motion, arguing that an exception to the statute of limitations applied. Specifically, plaintiffs asserted that the statute was tolled because defendant had been sufficiently notified of Quinney's injury within one year under MCL 500.3145(4) by the insured's telephone calls with defendant's claims adjuster and the police traffic crash report in defendant's possession.

The trial court ruled in favor of defendant, concluding, in part, that "there's no basis . . . for [it] to find that there was notice to [defendant] within the . . . statutory timing." Plaintiffs filed for reconsideration, which the trial court also denied. This appeal followed.

## II. ANALYSIS

An appellate court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Williamson v AAA of Mich*, 513 Mich 264, 269; 15 NW3d 546 (2024). This requires review of the entire record to determine whether the moving party is entitled to summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Under MCR 2.116(C)(7), a party may move for summary disposition if a claim is barred by the statute of limitations. Neither party is required to file supportive material; however, any documentation that is provided to the court must be admissible evidence. *Maiden*, 461 Mich at 119. The plaintiff's well-pleaded factual allegations must be accepted as true and construed in the plaintiff's favor, unless contradicted by documentation submitted by the movant. MCR 2.116(G)(5); *Maiden*, 461 Mich at 119. "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden*, 461 Mich at 119. Absent disputed issues of fact, we review de novo whether the cause of action is barred by a statute of limitations. *Colbert v Conybeare Law Office*, 239 Mich App 608, 613-614; 609 NW2d 208 (2000).

An appellate court also reviews de novo questions of statutory interpretation. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006). The primary rule of statutory construction is to discern the Legislature's intent, looking first and foremost to the statute's language. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016). "[E]very word, phrase and clause" in the statute must be given effect. *Id*. (quotation marks and citation omitted).

A person injured in an automobile accident may recover PIP benefits for reasonably necessary costs incurred for their care, recovery, or rehabilitation. MCL 500.3107(1)(a). Certain healthcare providers may bring a direct cause of action against an insurer to recover benefits payable to an injured person for qualifying medical services provided to that person. MCL 500.3112 and MCL 500.3157. But MCL 500.3145 limits the time for seeking PIP benefits, stating:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

* * *

(4) The notice of injury required by subsection (1) may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits for the injury, or by someone in the person's behalf. The notice must give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place, and nature of the person's injury.

In this case, plaintiffs' claims against defendant were not brought until November 3, 2023, nearly two years after the accident took place on December 20, 2021. Therefore, plaintiffs' claims are barred by the statute of limitations unless one of the two statutory exceptions applied. See MCL 500.3145(1) and (4). See also *Perkovic v Zurich American Ins Co*, 500 Mich 44, 50; 893 NW2d 322 (2017) ("[U]nder MCL 500.3145(1), a claim for PIP benefits must be filed within one year after the accident causing the injury unless either of two exceptions applies: (1) the insurer was properly notified of the injury, or (2) the insurer had previously paid PIP benefits for the same injury."). The only applicable exception in this case is the notice-of-injury exception. *Perkovic*, 500 Mich at 53.[3] This exception has two components: (1) the method of notice, i.e., how and by whom the insured may be notified; and (2) the substance of the notice, i.e., the necessary information. *Id*.

The statute first requires that notice of the injury to the insurer be in writing. MCL 500.3145(1). There is no requirement in the statute, however, that the writing be in any particular format, such as an explicit demand for benefits. *Perkovic*, 500 Mich at 54. Similarly, who creates the writing is irrelevant in the notice analysis. See *Walden v Auto Owners Ins Co*, 105 Mich App 528, 533-534; 307 NW2d 67 (1981).

Even so, the notice must be given to the insurer by either the injured person or by someone "in his [or her] behalf." MCL 500.3145(4). This case turns on our understanding of this phrase. In *Perkovic*, the insurer was notified of the injury when the hospital submitted bills and medical records, without the knowledge or direction of the injured truck driver, to an insurer seeking payment for services rendered. The insurer refused to pay and argued that the lack of authorization

---

[3] Plaintiffs cite *Perkovic*, 500 Mich at 52, to argue that substantial compliance with the purpose of MCL 500.3145(1) is sufficient to preserve a claim for no-fault benefits. But, in *Perkovic*, 500 Mich at 53, our Supreme Court rejected this Court's reliance on substantial compliance with the purpose of MCL 500.3145(1) "because such reliance runs contrary to our established canons of statutory interpretation."

by the truck driver meant that the notice was not submitted in his behalf. *Perkovic*, 500 Mich at 47-49. The Supreme Court concluded that the hospital notified the insurer in the injured person's behalf and said that "the fact that the Legislature elected to use the broader phrase '*in* his behalf,' rather than the narrower phrase, '*on* his behalf,' demonstrates that the provision of notice need only have been in [the] plaintiff's interest to satisfy MCL 500.3145(1)." *Id*. at 55. As the Court explained:

> "The phrase *in behalf of* traditionally means 'in the interest, support, or defense of'; *on behalf of* means 'in the name of, on the part of, as the agent or representative of.' " *Black's Law Dictionary* (10th ed), p 184 (defining the word "behalf"). Therefore, while "*on* his behalf" might have suggested the need for an agency relationship between plaintiff and [notice provider], the Legislature's chosen phrase—"*in* his behalf"—has no such connotation. That is, the category of those who may send notice "in his behalf" is broader than those who may send notice "on his behalf." [*Id*.]

Plaintiffs argue that *Perkovic* means that all notice is in behalf of the injured person if the fact that notice was given to the insurer was in the injured person's interest, regardless of who provided the notice or why they provided it. Therefore, plaintiffs argue that retrieval of the police report was in Quinney's behalf. But plaintiffs' position would also mean that every time an insurer receives notice of a potential injury, it is "in behalf of" the injured person because it is in every injured person's interest to preserve a claim for no-fault benefits. If we were to agree with plaintiffs' understanding of *Perkovic*, then "the Legislature would have had no apparent reason to specify that notice 'may be given * * * by a person claiming * * * benefits * * * or by someone in his behalf'." *Burns v Auto-Owners Ins Co*, 88 Mich App 663, 666; 279 NW2d 43 (1979). Moreover, when "interpreting a statute, we must avoid a construction that would render part of the statute surplusage or nugatory." *Robinson v Lansing*, 486 Mich 1, 21; 782 NW2d 171 (2010) (brackets, quotation marks and citation omitted). We cannot read *Perkovic* to cover any notice of an injury given to an insurer, as plaintiffs argues, because doing so would require us to ignore the statute's qualifying language limiting who may give sufficient notice.

We understand *Perkovic* to mean that any person can provide notice of an injury to an insurer in behalf of an injured person if their *reason* for doing so is some interest of the injured person. This approach comports with the facts in *Perkovic* because when the hospital in that case sent the bills and records to the insurer seeking payment, it implicitly acted in the truck driver's financial interest of having his medical expenses paid. That is, the relevant distinction is whether the notice was "*given to* the insurer . . . by someone in the person's behalf," MCL 500.3145(4) (emphasis added), rather than merely independently acquired by the insurer.

In this case, considered in the light most favorable to plaintiffs, the record does not show that anyone involved in giving the police report to defendant was motivated by Quinney's interest. The insured's representative called Binning twice in the course of reporting the accident. The insured's representative never told Binning anything about Quinney being injured. To the contrary, the insured's representative initially informed Binning that "no injuries were reported" and, in a later call, discussed that there were passengers in the vehicle, but "did not report any injury to . . . [them]." The police and LexisNexis who, respectively, wrote and transmitted the

police report to defendant were not acting in Quinney's behalf, but rather acting as neutral third parties. Lastly, the adjuster did not retrieve the police report in Quinney's behalf; the adjuster requested the form in order to fill out the file for the insured's claim and had no knowledge of Quinney's potential injury before retrieving the police report.

Although MCL 500.3145(4) should be construed liberally, *Gauntlett v Auto-Owners Ins Co*, 242 Mich App 172, 179; 617 NW2d 735 (2000), no person acting in Quinney's behalf notified defendant of Quinney's injury within one year of the accident. The notice of Quinney's injury that defendant received did not comply with MCL 500.3145(4). Because the notice-of-injury exception did not apply, plaintiffs' claims were barred by the statute of limitations in MCL 500.3145(1). Accordingly, the trial court properly granted defendant's motion for summary disposition under MCR 2.116(C)(7).

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica