*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOOVER PHYSICAL THERAPY, LLC, and
MEDICAL DIRECT TRANSPORTATION, LLC,

        Plaintiffs-Appellants,

v

AMERISURE INSURANCE, CO.,

        Defendant-Appellee,

and

BARRY 365 DAY TRANSPORT, LLC, CHECKER
CAB, MICHIGAN ASSIGNED CLAIMS PLAN,
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, and PROGRESSIVE
MARATHON INSURANCE COMPANY,

        Defendants.

UNPUBLISHED
July 22, 2025
1:57 PM

No. 371229
Washtenaw Circuit Court
LC No. 22-001452-NF

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

In this action under the no-fault insurance act, MCL 500.3101 *et seq.*, plaintiffs appeal by right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and dismissing this case. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a hit-and-run automobile collision on December 20, 2021. More specifically, a black Malibu, while passing on the right of a Dodge Grand Caravan, side-swiped it, causing minimal damage on its right side. Barry 365 Day Transport, LLC (the insured) owned the Caravan that defendant insured.

-1-

The responding police officer prepared a traffic crash report that reflected Julian Tancock, one of the Caravan's three passengers, already had pre-existing injuries to his right hand and listed Tancock's injury as "O," indicating that there was no reason to believe Tancock was injured in the accident.[1]  Although emergency medical services (EMS) arrived on scene, no EMS was needed at that time.

On May 5, 2022, the insured's representative called defendant's claims representative, Bethany Binning, to report a new claim, adding that "no injuries were reported."  On May 10, 2022, a different claims adjuster retrieved a copy of the police traffic crash report from LexisNexis, an online database service.

On July 12, 2022, Binning again spoke to the insured's representative.  Although the representative told Binning that there were passengers in the vehicle during the accident, the representative "did not report any injury to . . . the vehicle's passengers."  Moreover, defendant "did not receive any written notice of a claim for personal protection insurance benefits from . . . [its] insured, the insured passenger, Julian Tancock, or from a third-party of the insured passenger, Julian Tancock, on or before December 20, 2022."  Binning documented the insured's statements in the claim file.

In October 2022, plaintiffs originally filed this case, naming a different insurer, and seeking personal protection insurance (PIP) benefits to pay over $30,000 for services that they provided to Tancock for injuries allegedly sustained in the accident.  On November 16, 2023, plaintiffs amended their complaint to add defendant to this case.

Defendant moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), arguing that the one-year statutory limitations period for PIP claims under MCL 500.3145(1) barred plaintiffs' claims.  Plaintiffs opposed the motion, arguing that an exception to the statute of limitations applied.  Specifically, plaintiffs asserted that the statute was tolled because defendant had been notified of Tancock's injury within one year under MCL 500.3145(4) by the insured's telephone calls with defendant's claims adjuster and the police traffic crash report in defendant's possession.

---

[1] "O" is used to designate "**No Injury:** No indication of injury[.]"  UD-10 Traffic Crash Report User Guide (Revised 2022), p 2, <https://www.michigan.gov/msp/-/media/Project/Websites/msp/cjic/Traffic-Crash-Reporting-Unit-Files/UD-10-Guide-2022-FINAL.pdf?rev=1062d7d5bbd34b9c889d1dcfd83cea97> (accessed July 22, 2025).  See also UD-10 Traffic Crash Report, p 59, Michigan State Police, *UD-10 Traffic Crash Report 2021 Instruction Manual* <https://www.michigan.gov/msp/-/media/Project/Websites/msp/cjic/pdfs/2021-UD-10-Instruction-Manual.pdf?rev=4615c4548dc24ef0b49fe63b05d90b77> (accessed July 22, 2025):

> **No Apparent Injury (O)** – No apparent injury is a situation where there is no reason to believe that the person received any bodily harm from the motor vehicle crash.  There is no physical evidence of injury and the person does not report any change in normal function.

After a hearing, the trial court ruled in favor of defendant, reasoning:

> A suit for PIP benefits may not be filed more than 1 year after the date of the accident that caused the injury unless written notice of the injury has been provided to the insurer within 1 year after the accident. MCL 500.3145. Plaintiff did not comply with notice requirement. The accident was reported but no injury was timely report[ed].

Thereafter, plaintiffs filed for reconsideration, which the trial court also denied. This appeal followed.

## II. ANALYSIS

An appellate court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Williamson v AAA of Mich*, 513 Mich 264, 269; 15 NW3d 546 (2024). This requires review of the entire record to determine whether the moving party is entitled to summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Under MCR 2.116(C)(7), a party may move for summary disposition if a claim is barred by the statute of limitations. Neither party is required to file supportive material; however, any documentation that is provided to the court must be admissible evidence. *Maiden*, 461 Mich at 119. The plaintiff's well-pleaded factual allegations must be accepted as true and construed in the plaintiff's favor, unless contradicted by documentation submitted by the movant. MCR 2.116(G)(5); *Maiden*, 461 Mich at 119. "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden*, 461 Mich at 119. Absent disputed issues of fact, we review de novo whether the cause of action is barred by a statute of limitations. *Colbert v Conybeare Law Office*, 239 Mich App 608, 613-614; 609 NW2d 208 (2000).

An appellate court also reviews de novo questions of statutory interpretation. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006). The primary rule of statutory construction is to discern the Legislature's intent, looking first and foremost to the statute's language. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016). "[E]very word, phrase, and clause" in the statute must be given effect. *Id*. (quotation marks and citation omitted).

A person injured in an automobile accident may recover PIP benefits for reasonably necessary costs incurred for their care, recovery, or rehabilitation. MCL 500.3107(1)(a). Certain healthcare providers may bring a direct cause of action against an insurer to recover benefits payable to an injured person for qualifying medical services provided to that person. MCL 500.3112 and MCL 500.3157. But MCL 500.3145 limits the time for seeking PIP benefits, stating:

> (1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after

the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

\* \* \*

(4) The notice of injury required by subsection (1) may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits for the injury, or by someone in the person's behalf. The notice must give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place, and nature of the person's injury.

In this case, plaintiffs' claims against defendant were not brought until November 16, 2023, nearly two years after the accident took place on December 20, 2021. Therefore, plaintiffs' claims are barred by the statute of limitations unless one of the two statutory exceptions applied. See MCL 500.3145(1) and (4). See also *Perkovic v Zurich American Ins Co*, 500 Mich 44, 50; 893 NW2d 322 (2017) ("[U]nder MCL 500.3145(1), a claim for PIP benefits must be filed within one year after the accident causing the injury unless either of two exceptions applies: (1) the insurer was properly notified of the injury, or (2) the insurer had previously paid PIP benefits for the same injury."). The only applicable exception in this case is the notice-of-injury exception. *Perkovic*, 500 Mich at 53. This exception has two components: (1) the method of notice, i.e., how and by whom the insured may be notified and (2) the substance of the notice, i.e., the necessary information. *Id*.

Any writing that contains the necessary statutory information is sufficient, if given to the insurer by someone acting in the injured person's interest. *Id*.; *Gauntlett v Auto-Owners Ins Co*, 242 Mich App 172, 179; 617 NW2d 735 (2000). And, with respect to the substance of the notice to an insurer, it must contain the name and address of the claimant and indicate, in ordinary language, the name of the injured person and the time, place, and nature of the injury. MCL 500.3145(1). The nature of the injury need only be stated in language that an ordinary layperson would use, and a description of symptoms that can be traced to the injury is sufficient. *Dillon v State Farm Mut Auto Ins Co*, 501 Mich 915, 916-917; 902 NW2d 892 (2017). However, a general statement of physical injury alone is not sufficient. *Id*. at 916.

In this case, the parties do not dispute that the police traffic crash report contained Tancock's name, address, and the time and place of the accident. Because this appeal can be resolved by addressing the substance of the notice (whether the police report sufficiently described the nature of Tancock's alleged injury), we need not address parties' arguments about the sufficiency of the method of notice.

Plaintiffs contend that the police report gave defendant sufficient notice of the nature of Tancock's alleged injury. More specifically, plaintiffs posit that the "description of [a] pre-existing injury to [Tancock's] right hand [was] sufficient to provide Defendant with notice that further investigation of potential injuries is necessary." Stated otherwise, plaintiffs read the statutory language as obligating defendant to affirmatively inquire about Tancock's pre-existing injury; however, MCL 500.3145 contains no such language. And neither defendant's phone calls with its insured's representative nor defendant's notes on its insured's claim made mention of any possible injury to Tancock. To the contrary, the police traffic crash report in defendant's

-4-

possession stated that Tancock had "O" injury, meaning that he had "**No Injury:** No indication of injury," UD-10 Traffic Crash Report User Guide (Revised 2022), p 2, and "[n]o apparent injury," UD-10 Traffic Crash Report, p 59. The "O" designation also reflected that there was "no reason to believe that [Tancock] received any bodily harm from the motor vehicle crash," there was "no physical evidence of injury," and that Tancock did "not report any change in normal function." *Id*. In sum, defendant had no indication that Tancock was injured in the December 20, 2021 accident until plaintiffs filed their third amended complaint on November 16, 2023, nearly 11 months after the statutory limitations period had lapsed.

Because the notice-of-injury exception did not apply, plaintiffs' claims were barred by the statute of limitations in MCL 500.3145(1). Accordingly, the trial court properly granted defendant's motion for summary disposition under MCR 2.116(C)(7) and dismissed the case.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica