*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAHITA MCNEAL,

        Plaintiff-Appellee,

v

LINCOLNSHIRE 2007 LIMITED DIVIDEND
HOUSING ASSOCIATION, LLC and KMG
PRESTIGE, INC.,

        Defendants-Appellants.

FOR PUBLICATION
October 23, 2025
12:29 PM

No. 370549
Wayne Circuit Court
LC No. 23-000715-NO

Before: FEENEY, P.J., and BORRELLO and BAZZI, JJ.

FEENEY, P.J.

Defendants-appellants, Lincolnshire 2007 Limited Dividend Housing Association, LLC and KMG Prestige, Inc., appeal by leave granted[1] the trial court order denying defendants' motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). Because MCL 554.139 does not include a notice requirement, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. FACTS

Plaintiff rented an apartment in the Lincolnshire Village Apartments in Canton, Michigan, which defendants owned and operated. In May 2022, about seven years after plaintiff moved into her apartment, plaintiff left her apartment by using the back door to access the steps to her patio. When plaintiff stepped onto the top step, it collapsed beneath her. Both her feet went through the step, and her right ankle twisted. Before this incident, plaintiff had never used her back patio and knew nothing about any issues with the steps.

---

[1] *McNeal v Lincolnshire 2007 Ltd Dividend Housing Ass'n*, unpublished order of the Court of Appeals, entered October 3, 2024 (Docket No. 370549).

Plaintiff reported this incident to building management, who stated that no other residents had recounted similar experiences, and building inspections performed between 2016 and 2022 did not indicate any problems with the steps. Thereafter, plaintiff filed a complaint—seemingly raising a premises-liability claim as well as a statutory claim under MCL 534.139—alleging that the step was structurally unsound and that defendants had actual knowledge that the step was likely to be structurally unsound because other steps of similar construction and age had failed. Defendants moved for summary disposition, arguing that they did not have actual or constructive notice of any defect, which the trial court denied.[2] This appeal followed.

## II. NOTICE

On appeal, defendants argue that summary disposition should have been granted in their favor because plaintiff failed to prove that defendants had notice of the patio-step defect. We agree regarding plaintiff's premises-liability claim, but disagree regarding plaintiff's MCL 554.139 claim.

## A. PRESERVATION AND STANDARD OF REVIEW

Because the parties raised these issues before the trial court, they are preserved for appellate review. See *Ayotte v Dep't of Health & Human Servs*, 337 Mich App 29, 39; 972 NW2d 282 (2021). "We review de novo a trial court's decision on a motion for summary disposition." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 109; 1 NW3d 44 (2023) (quotation marks and citation omitted). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint." *Id*. (quotation marks and citation omitted). MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A trial court considers affidavits, pleadings, depositions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Kandil-Elsayed*, 512 Mich at 109 (quotation marks and citation omitted). "A court's role at the summary disposition stage is narrow; [i]n its review of the evidence, the court cannot make findings of fact. *Id*. (alteration in original; quotation marks and citation omitted). "Only [w]here the proffered evidence fails to establish a genuine issue regarding any material fact is the moving party entitled to a judgment as a matter of law." *Id*. (alteration in original; quotation marks and citation omitted). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Id*. at 110 (quotation marks and citation omitted). Issues of statutory interpretation are also reviewed de novo. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 424; 751 NW2d 8 (2008).

## B. PREMISES-LIABILITY CLAIM

---

[2] In the trial court's written order denying defendant's motion for summary disposition, the trial court stated that it "denied for the reasons stated on the record." Defendants maintain that at the hearing, the trial court simply noted that there was "a question of fact" without further elucidation, but no transcript was made of the hearing where the trial court stated any findings.

"All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed*, 512 Mich at 110. "The first element, duty, is essentially a question whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." *Id*. (quotation marks and citation omitted). "In the context of premises liability, a landowner's duty to a visitor depends on that visitor's status." *Id*. at 111 (quotation marks and citation omitted). A tenant is an invitee of a landlord or premises owner. *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019). "An 'invitee' is a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." *Kandil-Elsayed*, 512 Mich at 111 (alterations in original; quotation marks and citation omitted). "Land possessors share a special relationship with invitees that generates an affirmative duty to protect." *Id*. (quotation marks and citation omitted). "It is the social policy of this state that, given this special relationship, an invitee is entitled to the highest level of protection under premises liability law." *Id*. at 111-112 quotation marks and citation omitted). "Land possessors owe a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id*. at 112 (quotation marks and citation omitted).

A landlord or premises owner breaches their duty if they knew or should have known of the dangerous condition but failed to warn their tenants or otherwise protect them. *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 563; 984 NW2d 511 (2021). Accordingly, "actual or constructive notice of the relevant dangerous condition is an essential element in establishing a premises liability claim." *Id*. "Constructive notice is present when the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. (quotation marks and citation omitted). The plaintiff bears the burden of proving that the landlord or premises owner had actual or constructive notice of the dangerous condition. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016).

In this case, the parties do not dispute that plaintiff is a tenant of property owned and managed by defendants. Defendants therefore had a duty to exercise reasonable care to protect plaintiff from an unreasonable risk of harm caused by dangerous conditions at her apartment. *Estate of Trueblood*, 327 Mich App at 285. But plaintiff provided no evidence that defendants had actual or constructive knowledge that her patio step posed an unreasonable risk of harm. *Lowrey*, 500 Mich at 8. There was no indication that defendants had actual knowledge of the danger, because plaintiff had never complained about the step, and none of the inspection-reports completed between 2016 and 2022 indicated that there were any problems with the steps. Plaintiff affirmed that before this incident, she knew nothing about any issues with the steps. Plaintiff also failed to provide evidence displaying how long the dangerous condition had existed. She included photographs of *other* steps in the apartment complex, taken approximately 16 months *after* she was injured, but that evidence was insufficient to demonstrate that defendants had constructive knowledge of an unreasonable risk of harm posed by plaintiff's patio steps at the time of the incident. See *Albitus*, 339 Mich App at 563. Accordingly, there was no genuine question of material fact as to whether defendants had notice of the dangerous condition of the steps. *Cuddington*, 298 Mich App at 270. Because plaintiff failed to demonstrate a required element of negligence, i.e. a breach of duty, the trial court erred by not granting summary disposition of

plaintiff's common-law premises-liability claim in defendants' favor. See *Estate of Trueblood*, 327 Mich App at 285.

## C. MCL 554.139 CLAIM

Defendants also argue that MCL 554.139 imposes a notice requirement. This statute is meant to provide "a specific protection to lessees and licensees of residential property in *addition* to any protection provided by the common law." *Allison*, 481 Mich at 425. MCL 554.139(1) provides as follows:

> In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants willful or irresponsible conduct or lack of conduct.

MCL 554.139(3) states that the provisions of MCL 554.139 shall be liberally construed.

"When interpreting statutory language, we begin with the plain language of the statute." *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016). "We must give effect to the Legislature's intent, and the best indicator of the Legislature's intent is the words used." *Id*. (quotation marks and citation omitted). "[W]hen determining this intent we must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute." *Id*. (quotation marks and citation omitted). "When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. No further judicial construction is required or permitted." *Madugula v Taub*, 496 Mich 685, 696; 853 NW2d 75 (2014) (quotation marks and citation omitted). "Courts may not speculate regarding legislative intent beyond the words expressed in a statute." *Mich Ed Ass'n v Secretary of State*, 489 Mich 194, 217-218; 801 NW2d 35 (2011) (quotation marks and citation omitted).

MCL 554.139 came into effect on October 1, 1968. MCL 554.139. The statute requires a lessor to maintain the property in a condition that renders it fit for its intended use. *Allison*, 481 Mich at 429; *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 127; 782 NW2d 800 (2010) The plain language of MCL 554.139 does not include any indication that notice is required, and there is no ambiguity that requires judicial construction. See *Jesperson*, 499 Mich at 34; *Madugula*, 496 Mich at 696. Therefore, according to the plain language of the statute, no notice is required for liability under MCL 554.139.

Defendants and plaintiff debate the meaning of this Court's previous unpublished decisions regarding MCL 554.139. Important to note is that unpublished opinions are not precedentially

binding under MCR 7.215(C)(1), but they can be considered persuasive. *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114; 923 NW2d 607 (2018). Because there is no published caselaw holding that a lessor must have notice of unfit conditions to be liable under MCL 554.139, and the statute does not contain a notice requirement, we will not engage in judicial legislation by adding language to the statute and requiring notice under MCL 554.139. Indeed, grafting a constructive or actual notice requirement into MCL 554.139 is both inappropriate and unnecessary because, according to the statute's clear and unambiguous language, defendant owed plaintiff a statutory duty at all times.

Therefore, the fact that defendants did not have notice of the defect is immaterial to plaintiff's claim under MCL 554.139, and the trial court did not err in denying defendants' motion for summary disposition under MCL 554.139. See *Kandil-Elsayed*, 512 Mich at 109-110.

## III. TRIAL COURT FINDINGS

Defendants further argue that the trial court erred in failing to provide any reasoning for denying their motion for summary disposition. "Findings of fact and conclusions of law are unnecessary in decisions on motions unless findings are required by a particular rule." MCR 2.517(A)(4). But remand may be warranted when articulation of the trial court's reasoning is necessary to "facilitate appellate review." *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 176-177; 530 NW2d 772 (1995). In this case, the trial court's order denying summary disposition provided that the motion was denied "for the reasons stated on the record." But, upon information and belief, the only "reasons" the trial court provided on the record for denying the motion was a conclusory reference to the existence of a "question of fact." Nonetheless, because this appeal follows a motion for summary disposition, which is reviewed de novo, the trial court's failure to provide its reasoning did not impact our ability to perform appellate review. See *Bronson Methodist Hosp*, 295 Mich App at 440.

## IV. CONCLUSION

The trial court's summary disposition ruling regarding plaintiff's premises-liability claim is reversed, but the trial court's ruling regarding plaintiff's MCL 554.139 claim is affirmed. Remanded to the trial court with instructions to grant defendants' motion for summary disposition regarding plaintiff's claim of common-law premises liability and for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Mariam S. Bazzi

-5-