FARRAR v. LONSBY LUMBER & COAL CO.

1. FRAUDULENT CONVEYANCES — SALES IN BULK — STATUTE — VIO-LATION — EFFECT BETWEEN PARTIES — LIEN FOR PRICE.
    A sale by a merchant of practically his entire stock in trade in bulk in violation of Act No. 223, Pub. Acts 1905, is void, not only as to creditors, but between the parties, and the bill of sale cannot be given effect as a chattel mortgage on the goods for the purchase money.[1]

2. EQUITY — RELIEF — CLEAN HANDS.
    One who has purchased practically the entire stock in trade of a merchant in bulk, in violation of Act No. 223, Pub. Acts 1905, does not come with clean hands into a court of equity as an intervener to establish his title to the property as against the receiver of the seller.

[1] As to validity and construction of statutory requirements on sale of stock of goods in bulk, see note to *Everett Produce Co.* v. *Smith* (Wash.), 2 L. R. A. (N. S.) 331.

Appeal from Macomb; Law, J., presiding. Submitted June 11, 1907. (Docket No. 84.) Decided July 1, 1907.

Bill by Judson S. Farrar and others against the Lonsby Lumber & Coal Company, Limited, Fred Breitmeyer, and others, to restrain the managers of defendant association from disposing of its property, for an accounting, and the appointment of a receiver. Spencer J. Dalby and A. Frank Sarns, copartners as the Lakeside Ice & Coal Company, filed a petition to intervene to establish their title to certain goods. From a decree for complainants, interveners appeal. Affirmed.

The issue in this case is clearly stated by the learned circuit judge as follows:

"On January 13, 1906, the Lonsby Lumber & Coal Company, Limited, a partnership association, was insolvent.

"On that day some negotiations were had relating to the sale of about 900 tons of soft coal and about 400 cords of wood to Dalby & Sarns, copartners under the name of the Lakeside Ice & Coal Company. On January 15, 1906, the sale was consummated, and a bill of sale of this property delivered by the officers of the Lonsby Lumber & Coal Company to Dalby & Sarns. No cash was paid, but the vendees gave three notes for the purchase price—two for $1,000 each and one for $1,130—which notes are now in the hands of two banks in the city of Mt. Clemens. The property included in this sale was substantially the whole stock in trade of defendant association, except 386 tons of Jackson Hill coal and 2,000 bushels of charcoal which had been seized on January 12th under a writ of attachment in a suit brought by creditors.

"On January 18th three of the stockholders of the Lonsby Lumber & Coal Company filed the bill of complaint in this cause against this association, in which, among other things, mismanagement of the affairs of the association is alleged against four of the managing stockholders who are the officers, who are also made defendants. The bill of complaint asks for an order restraining the managing officers from disposing of the property of the association; for an accounting; for the appointment

of a receiver; and for other relief.    A temporary restraining order was made on the day the bill was filed in accordance with the prayer of the bill.    On January 24th a receiver was appointed.    On the date of his appointment the receiver took possession of the property which the Lonsby Lumber & Coal Company had attempted to transfer by bill of sale to Dalby & Sarns, except about 37 tons of coal which the vendees had removed between January 15th and January 24th.

"Since the filing of the bill of complaint some of the creditors of the Lonsby Lumber & Coal Company have been permitted to intervene, and answer has been filed by the defendants, an inventory has been filed by the receiver, a steamboat belonging to the defendant association has been sold by the receiver as ordered by the court, and a report made by him of such sale.    Dalby & Sarns have now filed a petition asking leave to intervene, and that the receiver be ordered to deliver to them the property which they claim to have purchased on January 15, 1906, from the defendant association, or, in the event this is refused, that the court order a lien in their favor upon the property less the value of the 37 tons of coal now in their possession.

"On the filing of this petition the court made an order permitting Dalby & Sarns to intervene, and providing that the receiver show cause why the prayers of petitioners should not be granted.    The defendant partnership association has filed an answer to the petition of Dalby & Sarns, admitting that they are entitled to the relief for which they pray, and the receiver and the complainants have filed answer denying their right to such relief."

A hearing was had and a decree entered for the complainants, decreeing that the sale was void under Act No. 223, Pub. Acts 1905, that the notes be declared null and void, and the petitioners required to account for the sale of the 37 tons of coal of which they had taken possession.

*John A. Weeks*, for complainants.

*Robert F. Eldredge*, for defendant receiver.

*Martin Crocker*, for appellants.

GRANT, J. (*after stating the facts*).    Act No. 223

.known as the " sales-in-bulk act," was held valid by this court in *Spurr* v. *Travis*, 145 Mich. 721.

Counsel for the petitioning appellants appears to concede that under that act the sale was void, but claims that the receiver should either return the petitioners' notes or pay them with the money derived from the sale of the goods. He also contends that the bill of sale should be treated as a mortgage. Neither of these contentions can be sustained. Otherwise a quick and easy way to completely avoid the statute would be furnished. A sale void as to creditors cannot, as between the parties, be made to operate to give the vendee a lien for the money he has paid. 4 Am: & Eng. Enc. Law (2d Ed.), p. 189. These petitioners acted in violation of the law. They are not before a court of equity with clean hands. They are not in position to ask for any remedy in a court of equity. The holders of the notes in question are not now before the court, and their rights cannot be determined in this proceeding. If they present their notes to the court for allowance against the estate of the company as indorser, the question will then arise for determination whether they are holders in due course and for value.

Decree affirmed, with costs.

MCALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.