*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAWRENCE P DONOVAN III,

        Plaintiff-Appellant,

v

ROY RONIL ILAGAN DIVINAGRACIA and
LA-ARNI SALUD ILAGAN DIVINAGRACIA,

        Defendants-Appellees.

UNPUBLISHED
October 15, 2025
10:54 AM

No. 374402
Kent Circuit Court
LC No. 24-002006-CH

Before: RICK, P.J., and MALDONADO and KOROBKIN, JJ.

PER CURIAM.

In this case, plaintiff, Lawrence P. Donovan III, appeals by right the trial court's order granting defendants, his stepchildren Roy Ronil Ilagan Divinagracia and La-Arni Salud Ilagan Divinagracia, summary disposition under MCR 2.116(I)(2) (nonmovant entitled to judgment as a matter of law). Because we agree with the trial court that the unclean hands doctrine bars plaintiff's equitable claim and that plaintiff's proposed amendment to the complaint would be futile, we affirm.

## I. BACKGROUND AND FACTS

Plaintiff transferred two properties located in Lowell and Farmington Hills to defendants in 2018. Believing that he would be subject to judgment in an imminent lawsuit against his former employer, plaintiff alleged that he told defendants that the true motivation for the transfer was to avoid disclosure of the properties to potential creditors. By contrast, the language in the deeds indicated that the transfers were an advance on defendants' inheritance. In 2024, plaintiff filed this suit, seeking to rescind the transfer of the properties. He alleged that his actions to conceal his assets from potential creditors—aided and abetted by defendants—constituted an unlawful transfer. For their part, defendants denied knowledge that plaintiff engaged in fraudulent conduct when transferring the deeds.

Defendants initially moved for summary disposition under MCR 2.116(C)(8) on the basis that plaintiff did not have standing under the Uniform Voidable Transactions Act (UVTA), MCL

566.31 *et seq.*,[1] because he is not a creditor of defendants, nor did he possess a claim or right of payment against them. The trial court denied the motion on the basis that plaintiff sought relief based in equity, rather than under the UVTA, to which plaintiff merely made a passing reference in the complaint. Plaintiff thereafter filed a "Motion for Standing under MCL Section 566.34 Act 434 of 1998 and Concurrent Motion to Amend Complaint," effectively seeking to add a claim under the UVTA. The trial court denied the motion, agreeing with defendants that plaintiff lacked standing because he is not a "creditor" under the UVTA and that plaintiff's failure to attach the proposed amended complaint doomed his motion. Plaintiff filed a motion for reconsideration, which the trial court likewise denied because it presented the same issues ruled upon by the court.

Plaintiff then filed a motion under MCR 2.116(C)(9) and (10), arguing that summary disposition should be granted against defendants because they failed to state valid defenses. In response, defendants asserted, *inter alia*, that plaintiff should be barred from seeking relief by the doctrine of unclean hands and requested summary disposition in their favor under MCR 2.116(I)(2). The trial court agreed, awarding summary disposition to defendants in an opinion and order. The trial court also denied plaintiff's motion for reconsideration. This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's decision to grant or deny summary disposition de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). Plaintiff moved for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense) and (10) (no genuine issue of material fact). "When deciding a motion under MCR 2.116(C)(9), which tests the sufficiency of a defendant's pleadings, the trial court must accept as true all well-pleaded allegations and properly grants summary disposition" when a defendant fails to plead a valid defense to a claim. *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 425; 648 NW2d 205 (2002). "Summary disposition under MCR 2.116(C)(9) is proper when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Id.* at 425-426. Summary disposition is properly granted to the opposing party under MCR 2.116(I)(2) if it appears to the court that the opposing party, rather than the moving party, is entitled to judgment as a matter of law. *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 658; 651 NW2d 458 (2002).

We review for an abuse of discretion a trial court's decision regarding a motion to amend the pleadings. *Wolfenbarger v Wright*, 336 Mich App 1, 14; 969 NW2d 518 (2021). A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). We review de novo issues of statutory interpretation. *Dillard v Schlussel*, 308 Mich App 429, 444; 865 NW2d 648 (2014).

---

[1] Formerly known as the Michigan Uniform Fraudulent Transfer Act.

## III. ANALYSIS

## A. SUMMARY DISPOSITION

Plaintiff argues that the trial court erred by denying his motion for summary disposition and instead granting summary disposition to defendants. We disagree.

First, the trial court properly declined to award summary disposition to plaintiff. The basis for plaintiff's request for summary disposition was that defendants failed to state a valid defense under MCR 2.116(C)(9). To evaluate this argument, we must examine plaintiff's material pleadings and defendants' corresponding defenses. In support of his equity claim, plaintiff alleged in paragraph 7 of the complaint that

> defendants were previously informed that the true intent of [the deeds in question] was to transfer ownership of property to avoid disclosure to a potential creditor noted in the above cited threat of legal action despite the language that the deeds were a potential advance of estate inheritance. This was reiterated to the defendants at the time of signing the deeds. The defendant step children accepted the deeds with full knowledge of Plaintiff's potential legal problem thereby aiding and abetting plaintiff's attempt to conceal and protect plaintiff's assets from potential creditors for their personal benefit.

In their answer and affirmative defenses, defendants "denied as untrue that Defendants had any knowledge whatsoever about any of the fraudulent conduct that Plaintiff claims he himself perpetrated. Otherwise, Defendants can neither admit or deny for lack of sufficient knowledge, information, and belief." In paragraph 8, plaintiff alleged that "defendants did not pay any consideration whatsoever for the properties." Defendants likewise denied this allegation, adding that they attached the deeds to the properties to their answer, which stated that " 'Grantor is debt free and has no judgment liens or legal actions pending. This transfer is made to facilitate disposition of Grantor's estate to his children.' " Plaintiff further alleged in paragraph 12 of the complaint that "Plaintiff has learned that his actions and that of defendant's [sic] participation are unlawful and against public policy as fraudulent conveyances should plaintiff acquire a creditor under the Uniform Voidable Transaction [sic] Act 434 of 1998." Defendants responded in their answer as follows:

> Denied as untrue that Plaintiff has any standing to seek relief under the [UVTA]. He is not a creditor of Defendants, nor does he possess any claims or right to payments from Defendant [sic]. He has no standing under the [UVTA]. Plaintiff in fact admits that there is no creditor, and thus this case must be dismissed . . . Defendants can neither admit nor deny any remaining allegations for lack of sufficient knowledge, information, and belief.

Summary disposition under MCR 2.116(C)(9) is improper when a defendant categorically denies a material allegation of the plaintiff's complaint. *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 47; 457 NW2d 637 (1990) (citation omitted). "[M]erely denying liability is itself a valid defense." *Id.* at 48. Here, the defendants' answer denied that they had knowledge of any fraudulent conduct by plaintiff, that they paid no consideration for the properties, and that they

participated in an unlawful fraudulent conveyance. Because of these denials, defendants stated a valid defense to plaintiff's equity claim and summary disposition in plaintiff's favor was unwarranted.

Second, the trial court properly granted summary disposition to defendants under MCR 2.116(I)(2). In his complaint, plaintiff sought to rescind the deed transfers. A claim to rescind is equitable in nature, "not strictly a matter of right," and is granted only in "the sound discretion of the court." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 409; 919 NW2d 20 (2018), citing *Amster v Stratton*, 259 Mich 683, 686; 244 NW 201 (1932). "When a plaintiff is seeking rescission, 'the trial court must balance the equities to determine whether the plaintiff is entitled to the relief he or she seeks.' " *Bazzi*, 502 Mich at 410, quoting *Johnson v QFD, Inc*, 292 Mich App 359, 370 n 3; 807 NW2d 719 (2011).

Defendants argue that plaintiff's claim must fail because he approaches the court with unclean hands. "It is well settled that one who seeks equitable relief"—here, rescission—"must do so with clean hands." *Attorney General v PowerPick Player's Club of Mich, LLC*, 287 Mich App 13, 52; 783 NW2d 515 (2010). "The unclean-hands doctrine is 'a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief . . . .' " *Varela v Spanski*, 329 Mich App 58, 83; 941 NW2d 60 (2019), quoting *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 463; 646 NW2d 455 (2002). "Our Supreme Court has observed that a party who has 'acted in violation of the law' is not 'before a court of equity with clean hands,' and is therefore 'not in position to ask for any remedy in a court of equity.' " *PowerPick Club*, 287 Mich App at 52, quoting *Farrar v Lonsby Lumber & Coal Co*, 149 Mich 118, 121; 112 NW 726 (1907). Put succinctly, "a court of equity will not lend its aid . . . to assist law violators." *PowerPick Club*, 287 Mich App at 52 (citation and quotation marks omitted).

Unclean hands may be found even if the party's misconduct does not rise to the level of a criminal or tortious act. *Stachnik v Winkel*, 394 Mich 375, 386; 230 NW2d 529 (1975). Instead, "[a]ny willful act that transgresses equitable standards of conduct is sufficient to allow a court to deny a party equitable relief." *Save Our Downtown v Traverse City*, 343 Mich App 523, 543; 997 NW2d 498 (2022) (citation and quotation marks omitted).

Plaintiff pleaded in the complaint that he transferred the properties in an attempt to conceal and protect his assets from potential creditors. As the trial court explained, plaintiff's allegedly fraudulent transfers, which support his request for rescission, "would be considered wrongful to any 'honest and fair-minded' person." At minimum, plaintiff alleged participation in actions that "transgress[] equitable standards of conduct." *Save Our Downtown*, 343 Mich App at 543. In addition, "transfers made '[w]ith actual intent to hinder, delay, or defraud' a creditor, . . . either before or after the creditor's claim arose" are fraudulent transfers voidable by a creditor under the UVTA. *Dillard*, 308 Mich App at 446, quoting MCL 566.34(1)(a). Plaintiff has therefore explicitly alleged an intent to violate the law such that he acted with unclean hands. See *Farrar*, 149 Mich at 121. Consequently, we decline to disturb the trial court's holding that plaintiff's admission in the complaint precludes him from obtaining equitable relief.

## B. MOTION TO AMEND COMPLAINT

Next, plaintiff argues that the trial court improperly denied his motion for standing and to amend the complaint to add a claim under the UVTA. We disagree.

"A trial court should freely grant leave to amend a complaint when justice so requires." *Sanders v Perfecting Church*, 303 Mich App 1, 9; 840 NW2d 401 (2013), citing MCR 2.118(A)(2). While leave to amend should be freely given, leave may be denied for particularized reasons, such as when the proposed amendment would be futile. *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998). "An amendment is futile where, ignoring the substantive merits of the claim, it is legally insufficient on its face." *Id.* (quotation marks and citation omitted).

"Amendments [to pleadings] must be filed in writing, dated, and numbered consecutively, and must comply with MCR 2.113." MCR 2.118(A)(4). When a party fails to submit the proposed amendment in writing, they have failed to comply with MCR 2.118(A)(4), and the court's decision to deny a request to amend is not an abuse of discretion. *Lown v JJ Eaton Place*, 235 Mich App 721, 726; 598 NW2d 633 (1999).

As an initial matter, plaintiff did not attach his proposed amended pleading to his request under MCR 2.118(A)(2). This failure to comply with MCR 2.118(A)(4) by submitting the amendment in writing is sufficient justification for a trial court to deny a request to amend. *Lown*, 235 Mich App at 726. And although plaintiff attached the amendment to his motion for reconsideration, its absence from the initial motion means that plaintiff did not "demonstrate a palpable error by which the court and the parties have been misled . . . ." MCR 2.119(F)(3).

Setting aside the fact that plaintiff did not attach the proposed amendment to his motion, we hold that the amendment would still be futile. To explain why, we must engage in statutory interpretation of the UVTA. We therefore begin with the plain language of the statute. *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34; 878 NW2d 799 (2016). "We must give effect to the Legislature's intent, and the best indicator of the Legislature's intent is the words used." *Id.* (quotations marks and citation omitted). "Additionally, when determining this intent we must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute." *Id.* (citation and quotation marks omitted).

The UVTA is an act "to provide for the setting aside and modification of certain transfers, conveyances, and obligations; to make uniform the law of fraudulent transfers; and to provide remedies." 2017 PA 552, title. It is "designed to prevent debtors from transferring their property in bad faith before creditors can reach it." *Dillard*, 308 Mich App at 446. It provides that "a transfer made or obligation incurred by a debtor is voidable *as to a creditor*" if the debtor made the transfer or incurred the obligation under circumstances specified in the statute. MCL 566.35(1)-(2); MCL 566.34(1) (emphasis added). Therefore, the UVTA by its terms provides a right of action only to creditors. See also MCL 566.35(3) (placing the burden on a creditor making a claim for relief under subsection (1) and (2) to prove their claim by a preponderance of the evidence). Had the Legislature intended that a broader class of persons besides creditors could bring claims under the UVTA, it would not have specified that certain transactions are voidable "as to a creditor." MCL 566.35(1)-(2); MCL 566.34(1). See *Jesperson*, 499 Mich at 34 ("[W]e

must give effect to every word, phrase, and clause in a statute . . . .") A "creditor" is specifically defined in the statute as "a person that has a claim," MCL 566.31(d), and a "debtor" is "a person that is liable on a claim." MCL 566.31(f). A "claim" is defined as "a right to payment . . . ." MCL 566.31(c).

To state a claim under the UVTA, then, plaintiff must allege that he has a claim for payment and that defendants are liable on that claim. MCL 566.35(1), (2); MCL 566.34(1); MCL 566.31(c), (d), (f). Plaintiff's complaint does not assert that he is a creditor of defendants, nor does he propose amending the complaint to so state. Instead, plaintiff effectively asserts that he was a potential debtor seeking to hide assets from potential creditors when he transferred the properties to defendants. For that reason, plaintiff's proposed UVTA claim is legally insufficient and the trial court appropriately denied leave to amend as futile. See *Hakari*, 230 Mich App at 355.

Plaintiff asserts that he has "judicial standing" to bring a UVTA claim. We disagree. Plaintiff's invocation of *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010) is inapt. The seminal case describes the inquiry that courts must undergo when determining whether a litigant has standing "where a cause of action is not provided at law." *Id.* at 372. But here, as discussed above, the statutory scheme provides a cause of action. The plain text chosen by the Legislature gives creditors alone a cause of action to void transactions under the UVTA. See MCL 566.35(1), (2); MCL 566.34(1). There is no provision in the text that allows debtors or potential debtors such as plaintiff to sue to rescind their own fraudulent conveyances. This reading is compelled by the plain text and also accords with the purpose of the act, "to prevent debtors from transferring their property in bad faith before creditors can reach it." *Dillard*, 308 Mich App at 446.

We therefore conclude that the trial court did not abuse its discretion when denying plaintiff's motion to amend.

Affirmed. Defendants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado
/s/ Daniel S. Korobkin